## C. B. RAINS v. W. HOOD AND ANOTHER.

It is within the discretion of the court, to permit a party to introduce his evidence, consisting of independent facts, in such order, as to the court may seem proper.

This court will not revise the ruling of the court below, upon the admissibility of evidence, where it does not appear that objection was taken to the testimony of any witness in particular, or to any particular evidence, when it was offered.

See this case, for circumstances that rendered proper the application by the District Court, of the provision of the statute, which enjoins that " not more than two new trials, shall be granted to either party, in the same cause, except the jury have been guilty of some misconduct, or erred in matter of law."

APPEAL from Cherokee. Tried below before the Hon. Reuben A. Reeves.

This suit was brought on the 14th day of April, 1854, by the appellant, against the appellees, William Hood and Daniel Jones, for damages to the amount of $700, alleged to have been sustained in consequence of the failure of the defendants to finish and complete, according to their contract with the plaintiff, made in 1851, certain carpenter work, to be done upon the plaintiff's house.

The petition of plaintiff set out the contract in detail, and alleged the defendants were to finish and complete the work in

a workmanlike manner, and with reasonable despatch, whenever the plaintiff could procure, and have in readiness, the lumber for the same. The petition averred, that in pursuance of the said contract, the defendants commenced the work, and continued the same at intervals, until some time in January, 1852, when they ceased working, and promised expressly to the plaintiff, that they would return and complete the work, whenever the plaintiff should inform them, that he had material ready for the same. That on the 2d day of November, 1852, the plaintiff notified the defendants, that he had all the materials prepared for the completion of the work, and requested them to return and complete the same, which they failed to do. The plaintiff alleged, that he had fully paid off, and discharged the price, which he agreed to pay the defendants for their said work, to wit, the sum of $600, and that the defendants still failed, and refused to complete the said work, or to repay to the petitioner the reasonable value of the work to be completed.

The answer of the defendants averred, that the plaintiff had not paid them at the institution of this suit, as alleged, and that they punctually and faithfully performed their part of the contract with the plaintiff; that he wholly failed to furnish the materials with which the work was to have been done, and in consequence of his default, the defendants were compelled to wait, from time to time, for materials, until at last none whatever were procured by the plaintiff; that the defendants were thus damaged by delay, from the 1st day of October, 1851, until about the 1st day of February, 1852; and, in consequence thereof, were damaged $200. And on the day and year last named, the plaintiff having wholly failed to furnish the defendants with any lumber, it was agreed between them, to suspend their work, for the present, without prejudice, or waiver of any pre-existing rights or claim against the plaintiff, for damages and remuneration for the delay and hindrance aforesaid. The defendants alleged, that the plaintiff then agreed to procure within a reasonable time the requisite amount, and quality of lumber, to finish the work, and to notify the defendants of the same; and the

Rains v. Hood.

defendants agreed to return when the lumber should be procured, and they were duly notified, and finish the work. The defendants further alleged, that relying upon their said contract, they refused to engage other jobs of work, which would have been profitable to them, until November, 1852, at which time the plaintiff pretended to notify them. The defendants averred, that, in October, 1852, they contracted for another job of work, which they were to commence in December, and that when the plaintiff notified them to finish his said work, he did not still have any lumber, nor did he obtain it until in the fall of the year 1854. That the plaintiff could readily have procured the necessary lumber and materials within the space of two months during the summer or fall of the year 1852. They alleged that in consequence of the delays and hindrances thus caused by the plaintiff, which they charged were unnecessary and unreasonable, they were kept idle, and out of profitable employment, for at least two hundred and ten days, by which they sustained damage at the rate of four dollars per day, amounting to $840, which amount they claimed, and pleaded in reconvention against the plaintiff.

There were other pleadings in the case, not necessary to be set forth, but which may be seen by reference to a former report of the cause in 19 Texas Rep. 400.

*Donley & Anderson*, for the appellant.

*M. Priest*, for the appellee.

WHEELER, C. J.—The only ruling complained of upon any question of law presented by the record, is upon the admissibility of evidence. It appears, that "the plaintiff objected to defendants proving the value of the services of a mechanic, without first proving that defendants were out of employment, and could not obtain work," which objection the court overruled. It is insisted that this was error. But it may be answered, that it is within the discretion of the court to permit a party to in-

troduce his evidence, consisting of independent facts, in such order as to the court may seem proper.

Moreover, the exception is too general, to enable this court to revise the ruling of the court below, upon the admissibility of evidence. It does not appear, that objection was taken to the testimony of any witness in particular, or to any particular evidence, when it was offered. The particular ruling complained of ought distinctly to appear, as it occurred upon the trial. But the defendants had introduced evidence, conducing to show in what manner they had been occupied; and if it was intended, that objection was taken at the proper time, to the evidence offered for the purpose of showing the damage sustained by the defendants, in consequence of being less profitably employed than they might have been, but for their engagement with the plaintiff, and his delay in providing material for the completion of the work, it is not perceived in what other manner the defendants could prove the damages they alleged they had sustained. To have excluded the evidence, would have been to have rejected their defence. But upon the ground of the indefiniteness of the exception, it must be held, that there is no error in the ruling.

This case was before this court on a former appeal. There have since been two concurring verdicts for the defendants. The evidence is not of a character to lead, irresistibly, to any certain conclusion of fact, in respect to the matter in controversy. We might incline to a different conclusion from that attained by the jury, upon the whole evidence; but it was their province to weigh the evidence, and it cannot, with certainty, be said, that their finding is contrary to the evidence. The litigation has been protracted and expensive. A great number of witnesses have been detained in attendance upon the court, and no less than five jury trials have been had. The amount really in controversy, is not very considerable. It is not certain that the result, upon another trial, would be more favorable to the appellant; and we think, upon the whole, that it was a proper case for the application, by the court, of the provision of the

statute, which enjoins that "not more than two new trials shall be granted to either party in the same cause, except the jury have been guilty of some misconduct, or erred in matter of law." (Hart. Dig., Art. 763.) We see no evidence of any such misconduct, or error of law, and are of opinion that the judgment be affirmed.

Judgment affirmed.