CARMICHAEL *v.* GEARY and Another.

NEW TRIAL.—Under the statute, no more than two new trials can be granted to the same party, and when two new trials have been granted to a party, whether by the court below, on motion, or by a reversal in this court, on appeal, the judgment cannot be reversed, though error may have been committed on the last trial.

APPEAL from the *Hendricks* Circuit Court.

RAY, C. J.—This suit was instituted by the appellee, then *Margaret Shiel*, since intermarried with one *Geary*, against the appellant for slander, and also for malicious prosecution. Issues were formed and the cause submitted to a jury for

trial, who returned a finding, under the paragraph for malicious prosecution, for the appellee for $700, and under the paragraph asking damages for an alleged slander, the finding was for the appellant. On the trial, the appellant objected to the appellee, *Margaret Geary*, being permitted to testify, on the ground that her husband was a party to the suit. The objection was overruled. This was correct, as the husband was but a nominal party. *Gee* v. *Lewis et ux.*, 20 Ind. 149.

On the trial, the acting judge, presiding in the absence of the regular judge of the *Hendricks* Circuit Court, gave, on his own motion, the following instructions: "Probable cause for criminal prosecution arises when such a state of facts is presented by the prosecution as, unexplained by the defense, would make a *prima facie* case of guilt. In other words, if the evidence adduced by the State, or presented to the mind of the prosecuting witness, would be sufficient to warrant a conviction of guilt, then the cause for the prosecution is probable, though the accused party is abundantly able to show that the appearances of guilt are wholly illusive.

"It is incumbent on the plaintiff, under the first paragraph of the complaint, to show by a preponderance of evidence that the defendant commenced the prosecution against the plaintiff without probable cause, as I have explained it, and maliciously. If want of probable cause is shown, the jury may from that infer malice, but whether there was malice, or not, is a question of fact for the jury."

Evidence which, in a criminal cause, makes "a *prima facie* case of guilt," and is "sufficient to warrant a conviction," not only constitutes probable cause for a criminal prosecution, but excludes all reasonable doubt of the guilt of the party charged. The counsel for the appellee do not insist that the law is correctly stated in these charges. They, however, cite us to the first charge given by the court on its own motion, as follows: "To sustain an action for malicious prosecution, the prosecution must be shown to

have been instituted maliciously, and without probable cause. The want of probable cause is not sufficient to sustain the action unless malice is shown, and, *vice versa,* the existence of malice does not authorize the action, if probable cause for prosecution was wanting."

It is insisted that the jury must have entirely disregarded this instruction, or the finding could not have been for the appellee, and that we may therefore presume an equal disregard on their part of the other instructions given by the court. This would leave the jury entirely untrammeled on questions of law, and permit them to be a law unto themselves.

We are asked to find that the verdict is clearly right upon the evidence, and therefore to affirm the judgment. We have, as is our habit in such cases, carefully examined the evidence in full bench, and we do not feel that we are authorized to reach this conclusion from the evidence. Whether there was or not probable cause, is, in this case, a mixed question of law and fact. If the facts were found by the jury, it would be simply a question of law, whether they constituted probable cause. But the jury, after being told that it required proof sufficient to remove all reasonable doubt of guilt to constitute probable cause, found in answer to an interrogatory that the prosecution for which the action was instituted was without probable cause. If, on looking into the evidence, we found that the jury could not, under proper instructions, have fairly reached any other conclusion, we would regard it as our duty to affirm the judgment. In this case, we cannot say that the evidence is of so decided a character as to justify such a conclusion.

A new trial was granted in this case by the Circuit Court upon the application of the appellant, and a second new trial was ordered by this court, upon an appeal by the same party. 21 Ind. 66. It is insisted that the statute in regard to new trials, providing that "not more than two new trials shall be granted to the same party, in the same cause," precludes any reversal of this cause in this court, no matter what er-

rors may have occurred on the trial below. Whatever doubts I may have as to the controlling effect of this provision upon the action of this court are of no practical importance, as a majority of the judges are clear in following the ruling in *Roberts* v. *Robeson,* 22 Ind. 456.

The judgment must therefore be affirmed, with costs.

*M. M. Ray, J. W. Gordon, W. March* and *J. S. Tarkington,* for appellant.

*A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellees.