ABRAM J. KNOWLES *vs.* LEVI G. NORTHROP.

Upon the trial of an action of ejectment it had been an important question affecting the title whether the father and mother of the plaintiff had ever been married, and the plaintiff had introduced a certificate of their marriage purporting to be signed by a certain magistrate since deceased, and by *E* and another as witnesses. The defendant also introduced witnesses who testified that in their opinions the certificate was not that of the magistrate; but the jury had rendered a verdict for the plaintiff. The defendant brought a suit for a new trial on the ground of newly discovered evidence, alleging that he had found several witnesses who would testify that *E* was in Louisiana at the time the certificate was dated, and several others who would testify that one *L*, at the request of the plaintiff's father, wrote the certificate and signed the name of the magistrate to it. Held that, while it is a general rule that a new trial will not be granted for newly discovered evidence that is merely cumulative, yet such direct evidence of the forgery was something so unusual that the defendant could not have been expected to inquire after it, while it was so apart from the ordinary mode of proving a forgery that it could not properly be regarded as merely cumulative.

And the discrediting of the certificate by proof of the absence of *E*, whose name was appended as one of the witnesses, was regarded as standing upon the same ground.

[Argued October 8th—decided October 23d, 1885.]

ACTION for a new trial on the ground of newly discovered evidence; brought to the Superior Court in Litchfield County. Demurrer to the complaint. Heard before *Torrance, J.* Complaint held insufficient and judgment rendered for the defendant. Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*H. W. Taylor*, for the appellant.

*L. D. Brewster*, for the appellee.

PARDEE, J.—This is a complaint asking for a new trial for newly discovered evidence.

In 1881 the defendant brought an action of ejectment against the plaintiff and recovered judgment. In the trial

of that cause it was a material question whether Gad Northrop and Cordelia Dennis, father and mother of the plaintiff, were ever lawfully married. In support of the claim that they were so married, the plaintiff, with other evidence, offered and the court received what purported to be a certificate of such marriage signed by the officiating magistrate and by Thomas Lee and Morgan L. Emeigh as witnesses of the ceremony.

The present complainant alleges that since that trial he has learned that at least seven persons will testify that during several months prior and several weeks subsequent to the date of that certificate, Morgan L. Emeigh, one of the persons whose names are thereto appended as witnesses, was in the state of Louisiana; and that at least six persons will testify that one Zeno A. Lassing, at the request of Gad Northrop, prepared the certificate and signed thereto the name of the magistrate without his authority. Also that, although he used all reasonable diligence in preparing his case for trial, he was unable to discover the evidence aforesaid before the close thereof. The defendant demurred, " because on the facts stated the plaintiff is not entitled to the relief therein sought, and because it sets forth only such evidence as goes to prove the invalidity of said certificate, whereas the evidence offered on the trial of said case abundantly proved the said marriage without reference to said certificate, and the alleged newly discovered evidence would make no difference with the result of the case and would not be sufficient to turn the case in favor of the defendant." The Superior Court sustained the demurrer.

Upon the trial of the action of ejectment the plaintiff introduced as a witness his mother, who testified to the marriage; no other person did so. Others testified that the father and mother were at the home of the latter on the night named in the certificate; that during many years thereafter they lived together as husband and wife, and that the father introduced her as his wife. The plaintiff also put in evidence a record of the marriage, of the age of the mother, of the birth of the son, and of other family

items in the family Bible, which he claimed were made by the father; also evidence that immediately before or at the birth of the son the mother spoke of Gad Northrop as being her husband; and that the father pointed out to the son the place of the marriage. The defendant offered evidence tending to prove that the marriage certificate was a forgery; and claimed that the living together of the father and mother was always unlawful.

For the purpose of testing the sufficiency of the demurrer we are to assume that the present complainant can now present in court several persons who will testify that it is physically impossible that Morgan L. Emeigh could have been present at the marriage of the father and mother of the defendant, as the certificate declares him to have been; and several others who will testify to their actual knowledge of the forgery of the certificate at the instigation of the father. In the trial of the action of ejectment the plaintiff introduced the certificate, doubtless because he thought it would weigh in his favor; and in view of the nature and character of the evidence introduced by the parties respectively, his belief was well founded. If upon another trial witnesses testify in accordance with the complainant's allegation, it is the right of the jury to believe them; and if jurors believe that Gad Northrop procured a forged certificate, they may and probably will believe that he did so because he could not procure a genuine one. They may well rely upon this rule as governing men in such matters, namely, that they prefer a genuine document to a forged one.

It is true that upon the former trial the defendant introduced witnesses who testified that in their opinion the signature affixed to the certificate was not that of the magistrate, and this is denying the genuineness of it in one form; and the introduction of witnesses who were eye witnesses to the act of forgery is doing the same thing in another form.

When the certificate was offered in evidence, if the defendant believed it to be a forgery, he had the right to rely (the magistrate being dead), upon the result of a compari-

son of signatures to substantiate his position. Instances wherein forgers have left eye witnesses to their acts, who can be found and called into court and made to testify, are so rare that the defendant was not required to know or suspect the existence of such. Upon such an inquiry the testimony of persons who were witnesses to the act of forgery stands by its character so entirely apart from the testimony of those who give opinions upon comparison of signatures, that the former species in reality constitutes evidence tending to prove a new and independent fact. And the same remark is applicable to the testimony of those persons who will testify that Emeigh, one of the witnesses, was in Louisiana when the certificate declares that he was in New York.

There is error in the judgment of the Superior Court.

In this opinion the other judges concurred.