THE TOWN OF SUFFIELD vs. THE NEW HAVEN & NORTHAMPTON COMPANY.

The act of 1884, (Session Laws, 1884, ch. 100,) provides that the railroad commissioners, when public safety requires an alteration of any highway crossed at grade by a railroad, "may order such alterations in such highway as they shall deem best." Two converging highways crossed a railroad at grade at points half a mile apart and united just beyond the road. Held that the commissioners had power to join the two highways before reaching the railroad and make a single crossing, although the distance by one highway was increased thirty rods and by the other fifteen rods.

While the commissioners have authority to make such alterations as they think best, yet their action is open to review upon the question whether, considering all the circumstances, it comes within the statute.

[Argued October 13th—decided December 14th, 1885.]

SUIT for an injunction against the closing up of parts of two highways; brought to the Superior Court in Hartford County, and reserved, on a demurrer to the defendant's answer, for the advice of this court. The case is fully stated in the opinion.

*C. E. Perkins*, for the plaintiff.

*W. C. Case*, for the defendant.

PARK, C. J. In the town of Suffield the defendants railroad runs nearly north and south. Before the commencement of these proceedings there were two highways

running in an easterly direction in that town, that crossed the railroad at grade about a half mile apart, and united in one highway within a short distance from the railroad on the east side, and at a point nearly equi-distant from the crossings.

The railroad commissioners, on a hearing duly had on the subject, ordered that the location of the two highways at the crossings be so changed that they would meet on the west side of, and just before reaching the railroad, and thus save the necessity of more than one crossing of the railroad.

The sole question in the case is, whether the commissioners had authority to make this order. All their authority came from the statutes of 1876 and 1884, (Session Laws 1876, p. 102; of 1884, p. 378;) and the case depends upon the construction to be given to these statutes.

The statute of 1876 is as follows:—" The selectmen of any town within which a highway crosses or is crossed by a railroad, or the directors of any railroad company whose road crosses or is crossed by a highway, may bring their petition in writing to the railroad commissioners, therein alleging that public safety requires an alteration in such crossing, its approaches, the method of crossing, the location of the railroad or highway, or the removal of obstructions to the sight at such crossing, and praying that the same be ordered. Whereupon the railroad commissioners shall appoint a time and place for hearing the petition, and shall give such notice thereof as they shall judge reasonable to said selectmen, the railroad company, and the owners of the land adjoining such crossing; and after such notice and hearing said commissioners shall determine what alterations or removals shall be made, by whom done, and at whose expense."

The statute of 1884 is as follows:—" The railroad commissioners may, when in their opinion public safety requires an alteration of any highway crossed at grade by a railroad, after a hearing had upon such notice as they shall deem reasonable to the railroad company owning or operating said railroad, and to the selectmen of the town, mayor of

the city, or warden of the borough, within which said high-
way is situated, and to the owners of the land adjoining
said crossing, order such alterations in such highway as they
shall deem best, and shall determine and direct by whom
such alterations shall be made, at whose expense, and within
what time ; provided that in no case shall more than one
half the expense be paid by the town, city or borough afore-
said ; and provided further, that such alterations as are
made at the primary instance of the railroad commissioners
shall not be ordered at the rate of more than one a year on
any one railroad, except in the case of railroads now having
a double track throughout their entire length. Railroad
companies may take land for the purposes of this section in
the manner now provided by law for the taking of land by
railroad companies."

These statutes differ but little except in the mode of pro-
cedure. One requires a petition to be brought by the select-
men of the town in which the proposed alterations are to
be made, or by the directors of the railroad company ; and
in the other the commissioners can proceed upon their own
motion.

We will consider the case under the statute of 1884, inas-
much as that statute is particularly referred to in the de-
fendant's answer, and has been the one mainly discussed in
the argument.

This statute confers upon the commissioners the power to
" order such alterations in such highway as they shall deem
best," &c. This power seems to be amply sufficient for all
the demands of this case. These highways, for all highway
purposes, remain substantially the same as they were before
the alterations were made, the only difference being that a
traveler upon one of them will have to go about fifteen
rods and upon the other about thirty rods further than be-
fore. To compensate for this difference the traveler will
escape the danger arising from two railroad crossings at
grade. The accommodation of the public is manifestly
greater than it was before, and were it not for the expense

attending the alteration we should hear no complaint made in regard to it.

But it is said that the power conferred upon the commissioners is limited by the word " alterations," which indicates it is said some slight change in the grade of the highway, or perhaps turning the road a little to the right or left, taking care that the change shall be inconsiderable.

In construing this statute we should take into consideration the object the legislature had in view in passing it, which was to prevent the destruction of life and property at highway crossings of railroads at grade, so far as it could reasonably be done. Such disasters have been occurring ever since railroads have had an existence, and the legislature, year after year, has been passing enactments on the subject to prevent the evil, but each act failed to accomplish the object, when in 1884 the legislature resorted to vigorous measures to prevent such calamities and made provision for the gradual entire removal of such crossings. They struck at the root of the evil and said to the commissioners, make such alterations of highways at their crossings of railroads at grade as you shall " deem best." " Such alterations as they shall deem best " is the language used.

The counsel for the plaintiffs seems to overlook all in this clause except the word " alterations," and treats that word, disconnected from the others, as alone descriptive of the power conferred, whereas all the other words are used to indicate the character of the alterations that may be ordered. The commissioners may not only order " alterations," but " such alterations as they shall deem best." Surely the language used is ample to cover the case. We do not mean to be understood that this language gives the commissioners unlimited power on the subject. They must act reasonably, and make such alterations only as the exigencies of each particular case seem reasonably to require. Their acts are open to review as to whether they come within the statute or not, taking into consideration all the circumstances of each particular case, including the expense involved. All that we mean to determine is that the altera-

tions ordered in this extraordinary case come within the provisions of the statute. The commissioners found here a state of things that no man or set of men would ever think of creating. No one would entertain the thought for a moment of laying out two highway crossings of a railroad at grade, within one half mile of each other, and then run the two ways together immediately after passing the railroad, thus making uselessly and needlessly more than one crossing of the railroad. All that the commissioners did in effect was to order a removal of the forks of the main road from one side of the railroad to the other, and substantially abolishing both of the crossings by making the highway pass under the railroad and leaving the highways, for all highway purposes, substantially the same as before.

We advise the Superior Court that the answer is sufficient.

In this opinion the other judges concurred.