## WASHINGTON COUNTY.

JOHN BRISTOW *vs.* JOHN C. NICHOLS.

Under Gen. Laws R. I. cap. 251, § 2. a petitioner for a new trial on the ground
that the former trial was not full, fair and impartial, must show something
more than mere error on the part of the trial court. Such error would form
the subject of an exception, to be allowed and prosecuted as provided in sec-
tion 6 of said chapter.

DEFENDANT'S petition for a new trial.
*February* 18, 1897. MATTESON, C. J. The defendant in

this suit took the steps necessary to entitle him to a new trial provided in the first and second paragraphs of Gen. Laws, cap. 251, § 6, but omitted to file his petition for such trial as required by the third paragraph of the section. The section provides that, in case all of the steps required in the second and third paragraphs have been taken, judgment shall be stayed, but in case of any default in any step judgment shall be entered as if said claim for a new trial had never been made. The defendant now petitions for a new trial under Gen. Laws cap. 251, § 2, which provides: "Whenever it shall be made to appear to the satisfaction of the appellate division of the supreme court, by any party or garnishee in a suit which shall have been tried or decided in the common pleas division of the supreme court, or in any district court, within one year previous to such application, that by reason of accident, mistake, or any unforeseen cause, or for lack of newly discovered evidence, judgment has been rendered in such suit on discontinuance, non suit, default, or report of referees, or that such party or garnishee had not a full, fair and impartial trial in such suit, or, in case a trial has been had in such case, that a new trial therein should be had, such division may grant such trial or new trial upon such terms and conditions as it shall prescribe."

The defendant claims that the Common Pleas Division erred in its rulings, and hence that his petition is within the words of the section relating to the granting of a new trial, on the ground that he did not have a full, fair and impartial trial, or within the words providing for the granting of a new trial in case a trial has been had. We do not think that the petitioner makes a case within these provisions of section 2. For aught that appears, the trial which the petitioner had in the Common Pleas Division was a full, fair and impartial trial within the meaning of that language in the section. If the court erred in its rulings, his remedy was by exception, to be allowed and prosecuted as provided in section 6. To render a trial not a full, fair or impartial trial within the meaning of section 2, there must, we think, be something more than mere error on the part of the court which would

form the subject of an exception.   Unless there be something more than this, to grant a new trial under section 2 would be to do away practically with the procedure provided in section 6.

· It appears that the defendant has had two trials of his case already, one in the district court and another in the Common Pleas Division, both of which resulted adversely to him. We see no reason for granting a third trial under the language of the section relating to the granting of a new trial in case a trial has been had.

Petition denied and dismissed.

*Frederick C. Olney,* for plaintiff.

*Samuel W. K. Allen,* for defendant.