RAILROAD *v.* GREEN.

*(Nashville.* January 19, 1898.)

1. NEW TRIAL. *Rule forbidding Court to grant more than two stated.*

Doctrine reaffirmed that the statute providing that not more than two new trials shall be granted to the same party in an action at law, does not operate as a limitation upon the Court's power to grant new trials upon the ground that there is no evidence to support the verdict or for other causes than upon the facts or merits. *(Post, pp. 239–242.)*

Code construed: § 4850 (S.); § 3835 (M. & V.); § 3122 (T. & S.).

Cases cited and approved: Trott *v.* West, 10 Yer., 499; Railroad v. Mahoney, 89 Tenn., 311; 134 U. S., 614.

2. SAME. *Effect of general entry granting.*

Unless the entry of record shows other specific grounds for the Court's action it will be conclusively presumed that a new trial was granted upon the facts or merits. *(Post, pp. 242–244.)*

Cases cited and approved: Turner *v.* Ross, 1 Hum., 16; Ferrell *v.* Alder, 2 Swan, 77.

3. SAME. *Entry granting construed.*

An entry of record granting a new trial upon the ground "that the jury disobeyed the instructions of the Court and because the verdict is against the preponderance of the evidence," shows that the Court's action was based upon the facts or merits. *(Post, p. 244.)*

Cases cited and approved: Burton *v.* Gray, 10 Lea, 580; Turner· *v.* Ross, 1 Hum., 20.

4. SAME. *Court disapproves but sustains verdict.*

Although the trial Judge may utterly disapprove a verdict as contrary to the weight of the evidence, and may find that the plaintiff was guilty of gross negligence, he has no power to set the verdict aside, if there is some evidence to sustain it,

after two former verdicts have been set aside upon consideration of the facts at the instance of the same party. (*Post, pp. 240–244.*)

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. N. D. MALONE, Sp. J.

SMITH & MADDIN for Railroad.

STEGER, WASHINGTON & JACKSON for Green.

McALISTER, J. The plaintiff below recovered a verdict and judgment in the Circuit Court of Davidson County for the sum of $1,999.99 damages for personal injuries. There had been two former verdicts in favor of the plaintiff, which were set aside by the Court. The first trial resulted in a verdict for the sum of $825, which was set aside by the Court upon the grounds recited in the minute entry, to wit: "That the jury disobeyed the instructions of the Court, and because the verdict is against the preponderance of the evidence." The second trial resulted in a verdict for the plaintiff for the sum of $1,300, which was set aside by the Court without assigning any reasons upon the record. The third and last trial, as already stated, resulted in a verdict for the plaintiff for the sum of $1,999.99, which the Circuit Judge declined to disturb. In

overruling the motion for a new trial the Hon. N.
D. Malone, Special Judge, delivered an opinion, in
which he reviewed the case, and, among other things,
said, viz.: "There have been two other verdicts
against the defendant, which were set aside by the
Court. In the absence of proof, I must conclude
the Court's action in setting aside the verdict was
based upon the ground that the preponderance of
the evidence was against the finding of the juries."
The Court then said: "The present verdict fails
utterly to meet my approval. I believe the weight
of the testimony to be against it." Again, said the
Court: "I think the plaintiff, in going in front of
a moving car, was guilty of gross negligence." The
Court found, however, there was some evidence to
sustain the verdict of the jury, and hence he was
without power to set aside a third verdict of the
jury, because the evidence preponderated against it.

The tenth assignment of error made on behalf of
the company is that the Circuit Judge erred in
overruling the motion for a new trial, for the rea-
son that his opinion showed he was not satisfied
with the verdict; that the Court expressly stated
that "the present verdict utterly fails to meet my
approval. I believe the weight of the testimony to
be against it, and that the plaintiff was guilty of
gross negligence on the occasion of his injury," his
refusal to grant a new trial being based on the fact
that "two new trials had previously been granted in
this cause." The Act of 1801 provides that not

more than two new trials shall be granted to the same party in an action at law, etc. Code (T. & S.), § 3122. It was settled at an early day that this Act was not intended to prevent the Court granting new trials for error in the charge of the Court, for error in the admission or rejection of testimony, for misconduct of the jury, and the like, and that the inhibition against more than two new trials was upon the facts or merits. *Trott* v. *West, Moss & Co.*, 10 Yer.

It was afterwards held that if the record was silent as to the reasons upon which the first two new trials had been granted, the Court would presume they were granted upon the merits, and a third trial would be refused; and if such new trials were granted for other reasons (as, for error in the charge of the Court and the like), and the party obtaining them does not want to be precluded from a third, under the statute he must make the record show the reasons for the action of the Court granting them. *Turner* v. *Ross*, 1 Hum., 16; *Terrell* v. *Elder*, 2 Swan, 77. It is also well settled that this statute has no application to a case where there is no evidence to support the verdict, but that in such case, the trial Judge may set aside a third verdict or any subsequent verdict and upon motion of same party. *Railway Co.* v. *Mahoney, Adm'x*, 5 Pick., 311; 134 U. S., 614.

With these principles in view, the precise point made on behalf of the company is that the statute

16 P—16

Railroad *v.* Green.

does not apply in this case, for the reason the record shows the first verdict and judgment were set aside because the jury disobeyed the instructions of the Court, and because the verdict is against the preponderance of the evidence. Counsel admit that if the entry had simply recited that the verdict was set aside because the weight of evidence was against it, the statute would apply, but that it also showed that it was set aside because the jury disobeyed the instructions of the Court. It will be observed that the first verdict was not set aside for misdirection of the jury or error in the charge of the Court, but for the reason the jury disobeyed the instructions of the Court. In construing this statute, in *Trott* v. *West, Moss & Co.*, 10 Yer., 499, this Court says: "The Act says that not more than two new trials shall be granted to the same party. This means that where the facts of the case have been fairly left to the jury upon a proper charge of the Court, and they have twice found a verdict for the same party, each of which having been set aside by the Court, if the same party obtain another verdict in like manner it shall not be disturbed." So we think that under this statute, notwithstanding the jury may have disobeyed the instructions of the Court, if the charge was correct and there was evidence to support the verdict, it cannot be disturbed a third time.

We think the precise question now presented was necessarily involved in the judgment of the Court in

Railroad v. Green.

*Burton* v. *Gray, Kirkman & Co.*, 10 Lea, 580. In that case the Court says: "The second verdict was set aside upon the ground that it was wantonly contrary to the evidence and in disregard of the charge; and the third because of the refusal, on the part of the jury, to regard the charge of the Court. It is insisted by counsel that as the record states the new trial was granted because of the refusal of the jury to regard the charge of the Court, such refusal was misbehavior on the part of the jury within the meaning of the construction given to the Act, and hence the Circuit Judge was authorized to set aside this verdict and grant another trial. It is evident, however, that the meaning of the language used by the Judge in the order granting the new trial was that the jury failed to find, as he thought they should have found from the charge which he had given them, or, in other words, found against the charge. If such a finding were to be held such misbehavior on the part of juries as would authorize the Court to continue to grant new trials *ad libitum*, it would be difficult to conceive of a case to which the prohibition of the statute would apply. . . . The misbehavior of a jury contemplated in the construction given to this statute, evidently was some unlawful or unauthorized acts done by them, which would, of themselves, vitiate their verdict, such as hearing evidence in the jury room, acting upon the knowledge of each other in regard to the case, or

the statements of other parties not having been examined as witnesses," etc.

Again, the Court says, after quoting from *Turner* v. *Ross*, 1 Hum., 20: "It is unnecessary to make any comment upon this language. It shows clearly that the Court recognized the power of juries, under this Act, to disregard the instructions of the Court and find contrary thereto, and when they do so more than twice in the same case, in favor of the same party, the power of the Court is exhausted."

These authorities, we think are conclusive of the question raised upon the record. The recital in the entry that the jury had disobeyed the instructions of the Court, without specifying the ground, would simply be equivalent to saying that the jury had found against the preponderance of the evidence and contrary to the merits of the case. It would not imply that the jury had been guilty of misconduct in the sense in which this term is understood in motions for new trial, nor would it imply that the Court had set aside the verdict upon a ground different and distinct from the other recital that they had found against the preponderance of the evidence.

Other assignments of error were considered orally, and overruled. Affirmed.