CASE 100—ACTION BY THE ADMINISTRATION OF ROBERT MCMANUS AGAINST ILLINOIS CENTRAL RAILROAD CO., FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—OCTOBER 13.

# Illinois Central Ry. Co. v. McManus' Admr.

APPEAL FROM M'CRACKEN CIRCUIT COURT—L. D. HUSBANDS, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

WITNESS—DISQUALIFICATION—CONVICTION OF BURGLARY—INSUFFICIENT EVIDENCE—NEW TRIALS.

1. One convicted of burglary is not disqualified as a witness, though the fact of such conviction may be proved to discredit him; he not being one of those disqualified by Ky. St. 1903, sec. 1180, and Civ. Code Prac., sec. 606, and all others being competent.

2. By express provisions of Civ. Code Prac., sec. 341, no more than two new trials can be granted a party on the ground that the verdict is not sustained by the evidence.

WHEELER & HUGHES, FOR APPELLANT. J. M. DICKINSON, PIRTLE & TRABUE, OF COUNSEL.

## POINTS AND CITATIONS.

1. Verdict not supported by evidence, and so palpably wrong as to show it was superinduced by passion or prejudice. See I. C. R. R. Co. v. McManus' Admx., 24 Ky. Law Rep., part 1, 81.

2. Error of court in refusing peremptory instruction, and error of court in refusing to give an instruction defining the term "infamous witness." See 6 Monroe, side page, 136.

3. Collateral statements of witness can not be invoked as substantive testimony to support testimony of infamous witness. See McLeod, Receiver v. Ginther's Admr., 80 Ky., 399; Crittenden

Illinois Central Ry. Co. v. McManus' Admr.

v. The Commonwealth, 82 Ky., 164; L. & N. R. R. Co. v. Webb, 99 Ky., 332; C. & O. Ry. Co. v. Smith 101 Ky., 111; beginning page 104; Embry v. L. & N., 18 Ky. Law Rep., 434, 437.

J. M. WORTEN, ATTORNEY FOR APPELLEE.

1. This court has long ago established the rule that where there have been three verdicts for the same party in the same case the court will not disturb the third verdict, although the judgments in the first two cases were reversed for errors of law, and the third verdict was against the weight of the evidence. L. & N. R. R. Co. v. Graves, Assignee, 78 Ky., 74; L. & N. R. R. Co. v. Adams, 10 Rep., 713; L. & N. R. R. Co. v. Ballard, 88 Ky., 159.

2. We submit that it was error in the court to instruct the jury that the "unsupported evidence of an infamous witness is not sufficient upon which to found a verdict," especially where as in this case there is much evidence to corroborate such witness.

3. We understand the rule to be "that if there is any evidence to support a recovery the case must be submitted to the jury." I. C. R. R. Co. v. Walters, 22 Rep., 137; Dick v. L. & N. R. R. Co., 23 Rep., 1068.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The opinion in this case upon the former appeal, reported in 67 S. W., 1000, 24 Ky. Law Rep., 81, contains a full statement of the pleadings and testimony upon the first trial of this action, and it is unnecessary to state them again. A judgment in favor of the appellee was reversed on that appeal upon the ground of insufficient evidence and the failure of the trial court to grant a new trial upon the ground of newly discovered evidence. Upon the return of the case to the lower court the trial again resulted in a verdict for the appellee, which was set aside, and a new trial granted, chiefly upon the ground that it was not sustained by the evidence. A third trial also resulted in a verdict for appellee, but for a smaller sum, which we are again asked to reverse upon the ground that it was the result of passion and prejudice and not sustained by sufficient evidence.

In both of the last trials Sam Hooks, one of the parties

who were on the train at the time of the death of plaintiff's intestate, was introduced as a witness for appellant, and testified, in substance, that one of appellant's employes came to the point where he and decedent were on the train, and asked them if they had any money; that he responded that he had twenty-five cents; that decedent replied that he had none; that he then told him he must be off the train by the time he came back; that the train slowed up, and decedent stepped off, saying that he could get into an empty box car. The testimony of this witness flatly contradicts the other testimony introduced by the defendant that they did not know of the presence of either of the parties who boarded the train that night. The instructions given upon the last trial were made to conform to the suggestion in the former opinion, and we think correctly stated the law of the case.

In addition thereto, in instruction No. 5 the court told the jury that the "unsupported testimony of an infamous witness was not sufficient upon which to found a verdict." It developed upon this trial that Robert Craig, plaintiff's chief witness, subsequently to the first trial of the case had been convicted and sentenced to the penitentiary for burglary. His conviction of the crime of burglary did not disqualify him as a witness. While it was competent to prove the fact of his conviction for the purpose of discrediting him, the jury were the sole judges of the weight to which his testimony was entitled. Section 1180 of the Kentucky Statutes of 1903 provides "that if any person be convicted of either of the offenses described in the seven preceding sections that he should ever afterwards be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatsoever." The offenses described in the seven preceding sections are perjury, false swearing, suborna-

tion of perjury, or a school officer who makes a false report, or a notary a false statement as to the notice in a protest. Burglary is not one of the offenses. And subject to these exceptions, and the exceptions and modifications contained in section 606 of the Civil Code of Practice, every person is competent to testify for himself or another, unless he is incapable of understanding the facts concerning which his testimony is offered. We think the trial court erred to appellee's prejudice in the fifth instruction. And as section 341 of the Civil Code of Practice prohibits the granting of more than two trials upon the ground that the verdict is. not sustained by the evidence, we feel constrained upon this appeal to affirm the judgment appealed from; and it is so. ordered.