(79 South. 355)

DOE ex dem. WINDSOR REALTY CO. v. FINNEGAN. (6 Div. 728.)

(Supreme Court of Alabama. May 16, 1918. Rehearing Denied June 6, 1918.)

1. NEW TRIAL ⬦102(9)—NEWLY DISCOVERED EVIDENCE—FAILURE TO PRODUCE AT TRIAL— FACT OF MARRIAGE AT TIME OF EXECUTION OF DEED.

Where defendant recovered judgment, after testifying that she was married at time of execution of deed and after court's charge that in such event deed was invalid, plaintiff was entitled to new trial upon newly discovered evidence negativing fact of such marriage, where deed to defendant, executed on day of execution of former deed, having been in defendant's maiden name, and sale proceedings having treated her as single, plaintiff had no reason to anticipate such evidence.

2. NEW TRIAL ⬦103—NEWLY DISCOVERED EVIDENCE—MATERIALITY.

Where court charged jury that deed was invalid if defendant was married at time of execution, and defendant testified to having been married at such time, evidence discovered after judgment for defendant, and which negatived fact of marriage, was material.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by John Doe, on the demise of the Windsor Realty Company, against Mary E. Finnegan. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Forney Johnston and W. R. C. Cocke, both of Birmingham, for appellant. Harsh, Harsh & Harsh and W. J. Slaughter, all of Birmingham, for appellee.

ANDERSON, C. J. The defendant testified that at the date of the claimed execution of the deed to Smithson she was a married woman, having married one Finnegan at Macon, Ga., in the latter part of 1886; that "he was a Catholic, and the Catholic priest married us in the Catholic Church." She further said:

"I was not living at Macon at the time; I went there and stayed there a short time. I met Mr. Finnegan there at a boarding house; he had a contract there, and couldn't get away, and I went to him, and we got married by the priest. I had met him here; Birmingham was his home."

The trial court charged the jury, in effect, that if the defendant was a married woman when she executed the deed to Smithson, if she did do so, it was invalid as a conveyance, unless the proof showed that Finnegan had abandoned her or was insane. The plaintiff made a motion for a new trial, and, among other grounds, because of newly discovered evidence, and produced affidavits showing due diligence, etc., and negativing such a marriage as testified to by the defendant, by the record of marriages of the only Catholic Church in Macon, Ga., as well as the record of marriage licenses in the court of ordinary.

[1] The plaintiff had no right to anticipate that the defendant would swear that she was married, and that her name was Finnegan, and not Mills, when the deed was executed to Smithson, as the proceedings for the sale of the land treated her as Mills, and the deed from the commissioners was to her as Mills, and was executed on the same day as the one made by her to Smithson. It is therefore evident that the plaintiff did not anticipate this evidence, and that the facts contradicting the defendant on this point were not known at the time of the trial, and that there was no reason to expect the existence of same at the time. Cox v. Mobile & Girard R. R., 44 Ala. 611; 29 Cyc. 895; Knowles v. Northrop, 53 Conn. 369, 4 Atl. 269; Griffin v. American Coal Co., 75 W. Va. 686, 84 S. E. 621, L. R. A. 1915F, 803.

[2] This evidence was material, as we cannot say that the jury found for the defendant upon some other theory, for, while the defendant denied the execution of the deed to Smithson, this testimony was contradicted by the great weight of the evidence. The newly discovered evidence in question bore directly, and not collaterally, upon the marriage, and differentiates this case from the case of Brown v. Brown, 76 South. 912.[1] There the newly discovered evidence related to the date of a storm, which had been pre-

---

[1] 200 Ala. 554.

viously referred to as fixing the date of the birth of the person, and which bore collaterally, and not directly, upon the age of the person.

The trial court erred in not granting a new trial, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.