(113 So. 277)

## DOE ex dem. WINDSOR REALTY CO. v. FINNEGAN. (6 Div. 573.)

Supreme Court of Alabama. Jan. 20, 1927.

Rehearing Granted May 12, 1927. Further Rehearing Denied June 21, 1927.

**1. Trial ⬤⇒143—Affirmative charge was properly refused, where evidence conflicted.**

Where there were conflicts in evidence as to validity of deed in issue, the affirmative charge was properly refused.

**2. Husband and wife ⬤⇒193—Charge that deed of married woman living with husband not joining therein was not valid, binding conveyance, held not error.**

Charge that, if defendant was a married woman at time purported deed was executed and was living with her husband, who did not join therein, then paper was not binding on her as a deed, *held* not error.

On Rehearing.

**3. New trial ⬤⇒78(2)—New trial for newly discovered evidence is not within statute prohibiting more than two new trials to same party (Code 1923, § 9519).**

Code 1923, § 9519, providing that no more than two new trials can be granted the same party in any cause, applies only after two new trials granted on ground that verdict is not supported by weight of evidence, where verdicts were rendered on substantially the same evidence, and new trial granted on ground of newly discovered evidence is not to be considered as within the statute.

Thomas and Gardner, JJ., dissenting on rehearing.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by John Doe, on the demise of the Windsor Realty Company, against Mary E. Finnegan. Judgment for defendant, and plaintiff appeals. Reversed and rendered on rehearing.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

Counsel argue for error in the ruling on motion for new trial, but without citing authorities.

Harsh & Harsh, of Birmingham, for appellee.

Appellant was not due the affirmative charge. Doe ex dem. Windsor R. Co. v. Finnegan, 202 Ala. 17, 79 So. 355; Id., 210 Ala. 314, 97 So. 822; Snow v. Bray, 198 Ala. 402,

73 So. 542; Aiken v. McMillan, 213 Ala. 494, 106 So. 163; Liverpool, etc., v. McCree, 213 Ala. 534, 105 So. 904. Where the trial court did not rule on the objection to argument and no exception was taken or motion made to exclude or for a continuance, no question is presented on appeal. A. G. S. v. McFarlin, 174 Ala. 647, 56 So. 989; Anderson v. State, 209 Ala. 43, 95 So. 171; A. G. S. v. Grauer, 212 Ala. 200, 102 So. 125; McCormick v. Martin, 21 Ala. App. 50, 105 So. 698; Ala. Power Co. v. Goodwin, 214 Ala. 15, 106 So. 240. The charge given for appellee states the law. Code 1923, § 8269.

THOMAS, J. The assignments of error are rested upon the refusal to grant the motion for a new trial by the Windsor Realty Company. This is the third appeal by that company. 202 Ala. 17, 79 So. 355; 210 Ala. 314, 97 So. 822.

In Godfrey v. Vinson (Ala. Sup.) 110 So. 13,[1] under Code of 1923, § 6434, held that bill of exceptions will not be stricken or disregarded by court ex mero motu because not presented or signed within the time prescribed by law, but only on motion to strike duly made and submitted with the cause.

[1] Appellant's counsel state that the sole assignment of error is the refusal of the court to grant plaintiff's motion for a new trial on the four grounds stated. We will consider the same as assigned. Affirmative charge was properly refused under Doe ex dem. Windsor Realty Co. v. Finnegan, 202 Ala. 17, 79 So. 355; Id., 210 Ala. 314, 97 So. 822; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; White, McLane & Morris v. Farris, 124 Ala. 461, 27 So. 259; Western Union Tel. Co. v. Louisell, 161 Ala. 231, 50 So. 87.

There were conflicts in evidence as to the validity of the deed in question. Conflicts in evidence or adverse inferences to be found in the evidence were as to whether Mrs. Finnegan did or did not sign a deed to the land. Mrs. Leveille, a daughter, said it was not the handwriting of Mrs. Finnegan, and she was required to rewrite her name, and the two signatures were before the jury; and the evidence of Smithson contained adverse inference as to the grantor. Moreover, there were adverse inferences to be found in the evidence of Mrs. Mills' marriage to Finnegan.

The exception to the alleged illegal argument of counsel was not ruled on by the court, and there was no motion to exclude or motion for a continuance asked. There was a difference of opinion of counsel as to the evidence showing the facts commented upon. The court instructed the jury they would have to remember the evidence, and that counsel had the right "to argue the evidence, but not to argue what is not the evidence." If the argument in question was improper,

it was not such as required a reversal in the absence of due exception. Ala. Power Co. v. Goodwin, 214 Ala. 15, 106 So. 239; Metropolitan Life. Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701; Anderson v. State, 209 Ala. 37, 95 So. 171; Watts v. Espy, 211 Ala. 502, 101 So. 106; Ala. Great Southern R. Co. v. Grauer, 212 Ala. 197, 102 So. 125.

[2] The motion for a new trial was also rested upon the giving of the following charge:

"If the jury are reasonably satisfied from the evidence that the defendant was the wife of Thomas Finnegan at the time that the paper purporting to be a deed from M. E. Mills to N. Smithson was executed, and was then living with him as his wife, then such paper was not binding on defendant Mrs. Finnegan as a deed."

It hypothesized the reasonable satisfaction of the jury from the evidence that the defendant was married at the time the purported deed from Mills (Mrs. Finnegan) to Smithson was executed; then, it was not a valid conveyance and binding on the defendant. Such is the law of conveyances by married women not executed by the husband.

The litigation should end.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

### On Rehearing.

THOMAS, J. [3] The majority, as indicated, are of the opinion that the statute (section 9519, Code of 1923) applies only after two new trials granted upon the ground that the verdict is not supported by the weight of the evidence, where the verdicts were rendered upon substantially the same evidence; that the new trial ordered by this court in Windsor Realty Co. v. Finnegan, 202 Ala. 17, 79 So. 355, upon the ground of newly discovered evidence, is not to be considered within the statute; that, therefore, the new trial ordered in Windsor Realty Co. v. Finnegan, 210 Ala. 314, 97 So. 822, was the first new trial within the statute; and, the present appeal being from the second judgment governed by the statute, it is subject to review on motion for new trial.

The court adheres to the views expressed in the opinion of Mr. Justice Sayre on the second appeal, and holds that the motion for a new trial should have been granted on the ground that the verdict was contrary to the great weight of the evidence. The writer desires by way of dissent to say:

The two new trials in the case at bar are 202 Ala. 17, 79 So. 355, in which appeal the reversal was rested solely on the ground of the failure of the lower court to grant a new

[1] 215 Ala. 166.

trial to plaintiff on the newly discovered evidence, and 210 Ala. 314, 97 So. 822, where, with said evidence, this court again reversed the lower court upon its failure to grant a new trial, on the ground that the verdict was against the great weight of the evidence. It is now insisted that a third reversal should be had, to the same end, as to the weight of the evidence.

The meaning of the statute, declaring, as it does, "no more than two new trials can be granted the same party in any cause" (section 9519, Code of 1923, and unchanged from section 2407, Code of 1852, and Aiken's Digest, p. 283, § 135), has not been defined by this court. Looking to other jurisdictions for construction and application of like statutes, we are not without worthy precedents. Railway Co. v. Mahoney, Admrx., 89 Tenn. 326, 334, 15 S. W. 652; L. & N. R. Co. v. Green, 100 Tenn. 238, 47 S. W. 221; Bristow v. Nichols, 19. R. I. 719, 37 A. 1033. The obvious meaning of our statute is that no more than two new trials can be had on the merits and the same issues of fact, where such issues are fairly presented and left to the triers of fact upon proper evidence and instructions, and there being legal evidence before the court to support the verdict or judgment rendered; that is to say, this statute did not intend, preclude, or prevent the court from granting new trials for error in instructions given or refused, or error in the admission or rejection of testimony, for vitiating misconduct of the parties, counsel, or jurors, etc.

In Ill. Cent. R. Co. v. McManus, 118 Ky. 780, 82 S. W. 399, 26 Ky. Law Rep. 675, it was held that, the first new trial having been granted by the appellate court on the ground of insufficient evidence and failure of the lower court to grant a new trial on account of newly discovered evidence, and the second new trial granted on the ground that the verdict was not sustained by the evidence, the motion for a third new trial, on the ground of passion and prejudice and that the verdict was not sustained by the evidence, should be denied under the statute barring the granting of more than two new trials. Civil Code Prac. Ky. § 341.

In the case of L. & N. R. Co. v. Woodson, 134 U. S. 614, 10 S. Ct. 628, 33 L. Ed. 1032, the Supreme Court of the United States construed a similar statute of Tennessee on the subject of new trials, and after two verdicts upheld the same in the interest of termination of litigation, and declared not in conflict with the Fourteenth Amendment to the Constitution of the United States. The statute thus construed was: "Not more than two new trials shall be granted to the same party in any action at law, or upon the trial by jury of an issue of fact in equity." Acts 1801, c. 6, § 59; 1 Laws of Tenn. (Hayw. & Cobbs) 1831, p. 229; Code 1858, § 3122, p. 590; Code Tenn. 1884, § 3835, p. 735. In its opinion, among other things, Mr. Chief Justice Fuller said:

"Tested by this rule, whenever the statute is applied, it must be upon the assumption that, although the court would have found a different verdict, because of the weakness of the evidence, yet there was some evidence tending to establish the cause of action. Courts rarely grant a new trial after two verdicts upon the facts in favor of the same party, except for error of law, and the statute, in the interest of the termination of litigation, makes that imperative which would otherwise be discretionary. For decisions under similar statutory provisions, see Silsbe v. Lucas, 53 Ill. 479; Illinois Cent. R. Co. v. Patterson, 93 Ill. 290; Carmichael v. Geary, 27 Ind. 362; Boyce v. Smith, 16 Mo. 317; Wildy v. Bonney, 35 Miss. 77; Rains v. Hood, 23 Tex. 555; Watterson v. Moore, 23 W. Va. 404. We can perceive nothing in the statute thus applied which amounts to an arbitrary deprivation of the rights of the citizen, and concur with the Supreme Court of Tennessee that this act, which had been in force for more than 60 years before the adoption of the Fourteenth Amendment, was not invalidated by it, while the Fifth Amendment had no application whatever."

The express provisions of section 9519 of the Code, under the issues of fact heretofore supporting reversals, prevent the considering of the motion for a new trial on grounds of preponderance and insufficiency of the evidence, there being evidence to support the verdict upon the trial.

Rehearing granted, judgment of affirmance set aside, and the judgment of the circuit court is reversed, and one is here rendered granting the motion for a new trial.

ANDERSON, C. J., and SAYRE, SOMERVILLE, BOULDIN, and BROWN, JJ., concur.

GARDNER and THOMAS, JJ., dissent.

GARDNER, J. (dissenting). The following excerpt from 29 Cyc. 729, finds support in the authorities:

"More than one new trial, after concurring verdict, on the ground that the verdict is against the weight of the evidence, is rarely granted." L. & N. R. R. Co. v. Woodson, 134 U. S. 614, 10 S. Ct. 628, 33 L. Ed. 1032.

Of course each case is to be determined upon its own facts and circumstance. All matter considered, and in connection with the cumulative force of the verdict rendered, I am not persuaded the action of the trial judge in declining to grant another trial should be here disturbed, and therefore respectfully dissent.