151 So. 604

### COMMONWEALTH LIFE INS. CO. v. CLARK.

### 6 Div. 463.

Court of Appeals of Alabama.
Oct. 31, 1933.

Rehearing Denied Dec. 19, 1933.

Huey, Welch & Stone, of Bessemer, for appellant.

Farris Batson, of Bessemer, for appellee.

RICE, Judge.

The action is to recover the death benefit claimed under a policy of life insurance issued without medical examination.

The record sent up here discloses that the case has been tried three times. Upon each of the first two trials plaintiff (appellee) recovered judgment which was set aside by the court, presumably, or so far as is indicated, on the ground that the verdict upon which same was based was opposed to the great weight of the evidence.

The trial judge refused to set aside the verdict, etc., upon the instant trial, and this appeal follows. We do not see that we are called upon to say very much.

A careful reading of the testimony discloses that the learned trial judge was correct in concluding that he was unauthorized to give to the jury, at appellant's request, the general affirmative charge to find in its favor. The trial court could not, neither can we, say that any one of appellant's pleas was proved, i. e., that there was not a scintilla of evidence opposed to its averments.

■ True, we cheerfully admit that there was but a scintilla. This, however, is all that is requisite in order to take the case to the jury in the first instance; the plaintiff (appellee) having, of course, first made out his prima facie case, etc. Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

■ There had to be an end to the litigation. So the provision of Code 1923, § 9519, to wit, "no more than two new trials can be granted the same party in any cause," came into play, and was duly recognized by the trial court.

It likewise binds us. So we hold that there was no error in overruling appellant's motion to set aside the verdict, etc., and to grant it a new trial. Code, § 9519, supra; Doe ex dem. Windsor Realty Co. v. Finnegan, 216 Ala. 431, 113 So. 277.

As for the rulings, other than that refusing to give, etc., the general affirmative charge, etc., in its favor, and that overruling its motion to set aside the verdict, etc., which have been urged upon our attention as calling for a reversal of the judgment, we need only say that we have given careful consideration to them, separately, etc.

■ In each instance it is our decided opinion that the said ruling was without effect upon the result of the trial. And that hence

no reversal of the judgment could be predicated thereon. Supreme Court Rule 45, Code 1923 vol. 4, p. 895.

The judgment is affirmed.

Affirmed.