67 So.2d 41

### LIBERTY NAT. LIFE INS. CO. v. TRAMMELL.

6 Div. 600.

Court of Appeals of Alabama.

May 12, 1953.

Rehearing Denied June 2, 1953.

Lipscomb & Brobston, Bessemer, and D. G. Ewing, Birmingham, for appellee.

Spain, Gillon, Grooms & Young, Ralph B. Tate and John P. Ansley, Birmingham, for appellant.

CARR, Presiding Judge.

This cause has been before this court on two previous appeals. 33 Ala.App. 275, 33 So.2d 479, certiorari denied 250 Ala. 159, 33 So.2d 483; Id., 35 Ala.App. 300, 51 So.2d 167, reversed 255 Ala. 1, 51 So.2d 174, certiorari denied 255 Ala. 236, 51 So.2d 176.

In response to the questions presented on the first appeal we held that the verdict was contrary to the great weight of the evidence and defendant's motion for a new trial should have been granted. On the second appeal we held to like effect after certiorari had been granted by the Supreme Court and the cause remanded to this court.

The instant appeal is predicated on a judgment below in favor of the plaintiff. The assignments of error relate only to

the action of the lower court, in denying to appellant the general charge, and overruling the motion for a new trial.

We are now confronted with the provisions of Title 7, § 277, Code 1940: "No more than two new trials can be granted the same party in any cause."

In reply brief, for the first time, appellant advances the arguments that this question was not raised in the court below and that the above act is unconstitutional because it violates sections 13, 42, and 43 of the 1901 Constitution.

■ At first glance, it would appear that there is merit in the first position since the jurisdiction of this court is appellate only and our review is limited to those matters upon which action or ruling at nisi prius was seasonably invoked and had.

The manner of raising the question in the trial court is suggested by appellant in reply brief:

"It was incumbent upon Appellee, if she wishes to avail herself of the provisions of section 277, Title 7, to have 'seasonably invoked and had' a ruling by the trial court as to whether the evidence upon the previous trials was substantially the same when this Appellant filed its motion for a new trial. This could have been done by motion to strike Appellant's motion for a new trial and assigning as grounds for the motion to strike that section 277, Title 7 applied and that the evidence upon the previous trials was substantially the same. Thus the trial court would have had to read the testimony in the previous trials and made a ruling. Then there would be something for this Court to review."

So far as we are able to find, the statute of instant concern has been considered only in the following cases: Doe ex dem. Windsor Realty Co. v. Finnegan, 216 Ala. 431, 113 So. 277; Commonwealth Life Ins. Co. v. Brandon, 232 Ala. 265, 167 So. 723; and Commonwealth Life Ins. Co. v. Clark, 25 Ala.App. 588, 151 So. 604.

In these cases neither of the opinions indicates whether or not the question was raised in the nisi prius court. We have examined the original records, and it does not there appear that the matter was specifically presented for a ruling by the trial judge.

In the Finnegan and Brandon cases the reporter set out a digest or abstract of the attorneys' briefs. This source does not disclose that the effect and application of the statute were argued in briefs.

■ Apparently the reviews were based on the doctrine that appellate courts take judicial knowledge of their records. Little v. Gavin, 244 Ala. 156, 12 So.2d 549; Alabama Water Co. v. City of Anniston, 227 Ala. 579, 151 So. 457; Le Furgey v. Beck, 244 Ala. 281, 13 So.2d 179; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399.

The constitutional question was not raised in the lower court, neither is it presented by assignment of error. Appellant argues the proposition for the first time in his reply brief. We will not declare a decision on whether or not this precludes our review.

The statute was enacted in 1852, and it has appeared unchanged in the succeeding editions of our code.

In the case of Louisville & N. R. Co. v. Woodson, 134 U.S. 614, 10 S.Ct. 628, 33 L.Ed. 1032, the court upheld a Tennessee statute which is substantially similar to ours. The court concluded that it did not conflict with the Fourteenth Amendment to the United States Constitution.

■ We think that the case of Ex parte Foshee, 246 Ala. 604, 21 So.2d 827, and authorities cited therein support our view that our statute is not an encroachment by the legislature on the judicial branch of government.

It is interesting to note that statutes similar to ours have been construed by appellate courts of other jurisdictions and much diversity of opinion has developed as to their effect and meaning. This is pointed out and discussed in 66 C.J.S., New Trial, § 8(b), page 81.

In the Finnegan case, supra, the court made this observation [216 Ala. 431, 113 So. 278]:

"The obvious meaning of our statute is that no more than two new trials can be had on the merits and the same issues of fact, where such issues are fairly presented and left to the triers of fact upon proper evidence and instructions, and there being legal evidence before the court to support the verdict or judgment rendered; that is to say, this statute did not intend, preclude, or prevent the court from granting new trials for error in instructions given or refused, or error in the admission or rejection of testimony, for vitiating misconduct of the parties, counsel, or jurors etc."

It was the majority view that the statute "applies only after two new trials granted upon the ground that the verdict is not supported by the weight of the evidence, where the verdicts were rendered upon substantially the same evidence * * *."

In the Clark case, supra, we held that there was no error in the action of the lower court in overruling the motion for a new trial, since it appeared that on two previous trials the judgments had been set aside on the ground that the verdict was opposed to the great weight of the evidence.

In the Brandon case, supra, the court illustrated and held that the evidence in the previous trials was not substantially the same. This finding, however, did not entirely control the decision for it was pointed out that there were rulings on the introduction of evidence and arguments of counsel which necessitated a reversal of the judgment below.

In each of the trials of the case at bar the prime factual issue revolved around the question of whether or not at the time of the issuance of the policy the insured was afflicted with cancer, which disease as a matter of law increased the risk of loss.

As indicated hereinabove, on each of the prior appeals we held that on this factual issue the verdict was opposed to the great weight of the evidence.

In original brief appellant argues that the evidence was not substantially the same in the trials below and therefore, on the authority of the Finnegan case, supra, the statute must not be applied.

If it can be said that the evidence is not substantially the same, it appears in the first and second trials.

Judge Harwood authored the two prior opinions for this court.

On the first trial the defendant below relied primarily on the testimony of Dr. Rose in an effort to establish that the insured was afflicted with cancer at the time the policy was issued. This aspect of the evidence is delineated in detail in the opinion. 33 Ala.App. 275, 33 So.2d 479.

In effect Dr. Rose testified that in July 1944 he decided by diagnosis that Mr. Trammell had cancer and in his opinion the affliction continued to time of death in September 1945. The policy was issued in November 1944.

More specifically, the doctor testified:

"Q. And that was your diagnosis in this case, Doctor, that Mr. Trammell was suffering from a malignant tumor, or cancer? A. Yes, sir; that was my clinical impression, which was borne out by the microscopic examination and the laboratory. Of course we always send these tumors to the laboratory, to verify our diagnosis, by aid of the microscope and tests, and in the record we got back that was their physical finding also."

For all intent and purposes Dr. Rose's testimony was the same on the first and second trials.

At the second hearing the defendant attempted to support or augment Dr. Rose's testimony by introducing as witnesses Drs. Drennen and Casey.

Dr. Drennen did not see the insured for treatment until December 1944. He operated in January 1945 and found the patient suffering with cancer.

The effect of Dr. Casey's testimony was that in July 1944 some tissue taken from

the body of the insured was submitted to him by Dr. Rose and he found by pathological examination that it was malignant or cancerous.

When we consider the continuity and connective effect of Dr. Rose's testimony with reference to the microscopic examination which confirmed his diagnosis, we are led to the inevitable conclusion that he is referring to the examination made by Dr. Casey concerning which the latter testified at the second trial. If there is any substantial difference in the evidence at the two hearings, it must be found here.

■ It is difficult at times to determine the line of demarcation between evidence that is purely cumulative and evidence which presents new facts or facts that are substantially different. Clearly it cannot be said that evidence is rendered non-cumulative merely bcause the former facts are corroborated or confirmed in substantial manner by other witnesses.

The courts are sometimes called upon to make determination of this matter in considering motions for new trials on the grounds of newly discovered evidence, the rule being that if the newly discovered evidence is merely cumulative the ground cannot avail.

In the case of Girardino v. Birmingham Southern R. Co., 179 Ala. 420, 60 So. 871, the defendant disclaimed liability for damages by fire by proving that the fire was communicated to plaintiff's house from a burning trash pile and not from defendant's engine. The court held that to attempt to prove by newly discovered evidence that there was not a trash pile burning was cumulative.

The holding in Van Tinder v. Birmingham Ry., Light & Power Co., 202 Ala. 474, 80 So. 858, is based on factual foundation somewhat analogous to that in the case at bar. On the main trial an expert testified that plaintiff's injury to her spine was caused by some external force. The plaintiff attempted to sustain her motion for a new trial by urging that by newly discovered evidence, resulting from X-ray examination, accidental cause of the injury could be unquestionably established. The court held that this was merely corroboration of the expert witness.

We will not laden this opinion with further discussion.

■ We hold that the evidence on the two trials was substantially the same.

■ To be sure justice never tires, but the adoption of the statute of concern indicates a legislative desire, concept, or notion that there must be an end to litigation, and this though it may appear that a wrong has been imposed.

We have given considerable study to the authorities in jurisdictions other than our own. We have not discussed nor cited these cases for it appears that our courts have settled the question with which we are concerned.

It is ordered that the judgment below be affirmed.

Affirmed.