## MILLIKEN *v.* ROSS.

*(Circuit Court, E. D. Louisiana. June, 1881.)*

NEW TRIAL.

After two concurring verdicts the court will not grant another new trial, unless the jury have manifestly disregarded the law as given them by the court.

On Rule for New Trial.

*J. P. Hornor* and *F. Baker,* for plaintiff.

*Kennard, Howe & Prentiss,* for defendant.

BILLINGS, D. J. This case is submitted on an application for a new and third trial, and to set aside the second of two concurring verdicts. In the matter of granting new trials and setting aside verdicts, the circuit courts are governed by the statutes of congress, (1 St. 83, § 17,) and "where there has been a trial by jury" are restricted to "reasons for which new trials have usually been granted in the courts of law." The question, therefore, is one of usage in the common-law courts. One verdict has already been set aside as being against the weight of testimony. The question now is whether a second verdict, upon substantially the same testimony shall be set aside. There is, I think, a well-settled rule that in such a case the court will defer to a second verdict.

In *Winnerton* v. *Marquis of Stafford,* 3 Taunt. 233, Lord Mansfield held that, although the judge who last tried the cause thought the evidence against the verdict preponderated, nevertheless, when the evidence was conflicting, the court ought to refuse to grant a second new trial; Lord Mansfield remarking that "it could never be right to make no weight of two verdicts in order to take a chance of a third." See, also, to the same effect, *Fowler* v. *Ætna Fire Ins. Co.* 7 Wend. 270.

There undoubtedly are cases when it would be the duty of the court to set aside any number of verdicts. But those are cases in which juries manifestly disregard the rules of law as given to them by the court. But this is not such a case. The question here is one of fact, viz., the good faith or reality of a claimed transfer of a promissory note. When two successive verdicts are contradictory, and the last is unsatisfactory to the court, a new trial may be ordered. *Parker* v. *Ansel,* 2 W. Bl. 963. It may also be done after two concurring verdicts. *Goodwin* v. *Gibbons,* 4 Burr. 2108. But this is seldom done. *Clerk* v. *Udall,* 2 Salk. 649; *Chambers* v. *Robinson,* 2 Strange, 692.

The new trial is refused.