# LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* WOODSON.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 1182. Submitted March 24, 1890. — Decided April 7, 1890.

The statute of Tennessee which provides that "not more than two new trials shall be granted to any party in any action at law; or upon the trial by a jury of an issue of fact in equity," Code of 1884, 735, § 3835, having been construed by the courts of that State to refer to a state of case where, in the opinion of the court, the verdict should have been otherwise than as rendered, because of the insufficiency of the evidence to sustain it — and not to a case where there is no evidence at all to sustain it — is not in conflict with the Fourteenth Amendment to the Constitution; while the Fifth Amendment has no application to it.

It is settled law in this court that when the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if re-

turned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant; while, on the other hand, the case should be left to the jury, unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish.

MOTIONS TO DISMISS OR TO AFFIRM. The case is stated in the opinion.

*Mr. A. A. Freeman* for the motions.

*Mr. Edward Baxter* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Woodson sued the Louisville and Nashville Railroad Company to recover damages for injuries sustained by him through its negligence. The defendant pleaded not guilty. Upon the trial in the Circuit Court of Haywood County, Tennessee, the jury returned a verdict in favor of the plaintiff, assessing his damages at $3000, which on motion was set aside, and a new trial granted upon the ground that the verdict was not sustained by the evidence. A second trial was then had which resulted in a verdict for the plaintiff of $5000, which was again set aside on motion, upon the same ground. A third trial was then had resulting in a verdict of $3000, upon which judgment was entered. And the record then states : " In this cause, on this the 31st day of August, 1888, the defendant moved the court to grant it a new trial herein and to arrest the judgment herein because the verdict of the jury, returned herein August 30, 1888, was not supported by the law and the evidence submitted, and because of error in His Honor the trial judge in allowing plaintiff to make proof of others than the plaintiff swinging on to trains at other times prior to the day of the accident, and of the habit of plaintiff and other boys in swinging to moving trains prior to the day of the accident; which motions are by the court seen and understood, and the same are by the court overruled and disallowed. Thereupon the defendant presented its bill of exceptions to the ruling of

the court in overruling its motions aforesaid and in overruling its objection to the admission of the testimony aforesaid in the progress of the trial; which bill of exceptions is signed by the court and ordered to be made a part of the record herein." Defendant prayed an appeal to the Supreme Court of Tennessee, which was granted, and an appeal bond given accordingly.

The bill of exceptions sets forth all the evidence adduced upon the trial, and the charge of the court in full. This charge is of considerable length, and presented the case to the jury with apparent care. It is nowhere therein stated that there was no evidence upon which the plaintiff would be entitled to recover; on the contrary, it assumes that there was some evidence which would justify a verdict for the plaintiff.

It was said by the trial judge, among other things: " On the other hand, if you find the injury was the direct and proximate result of the defendant's negligence or misconduct, you will return your verdict for the plaintiff; or if you find the plaintiff was a child of tender years when injured, and that his conduct and wrong did not contribute to the injury, but that he was not possessed of such discretion and judgment on account of his infancy as would reasonably be calculated to cause him to avoid such danger, and you further find that the defendant might have prevented and avoided the accident by the exercise of ordinary and reasonable prudence and caution, then in that event you should return your verdict for the plaintiff. The plaintiff would be a trespasser if he was on the defendant's freight trains or swinging to one of them, or in the defendant's yard or on its grounds trying to seize on to one of its cars. He would have no right to complain of a clearance post or staub being located on the defendant's track or roadbed if he was such trespasser, and defendant had put up or caused to be put up such clearance staub in its regular business.

"If you find that the defendant is a corporation running freight trains on its line of railroad through Brownsville, Tennessee, and that plaintiff, in December, 1881, was a small boy, about six years old, and that he and other small boys had been, prior to that date, for a long while in the habit daily of jumping

on and off of the freight and passenger trains of defendant while they were in motion, and riding thereon in and about the yards of defendant in said city, and that the conductors, brakesmen and trainmen and agent of defendant at its depot in Brownsville had knowledge of such practices and habit of the plaintiff and other boys, and that the said conductors, agents or brakesmen, or other employés of the defendant willingly permitted and encouraged the plaintiff to so ride on and jump on and off of such moving trains, and that the agent or assistant agent of defendant and the conductor of the freight train by which plaintiff was hurt knew that plaintiff was at the depot or in the yards of defendant or near the train, ready and likely to try to jump on said train when it might be put in motion, and that said train was so put in motion, and moved off, and that plaintiff was hurt by being thrown under the wheels thereof while swinging to one of the freight cars or while running along by one of said cars endeavoring to swing on the same, and that no effort or precaution was taken by said conductor or said assistant agent of defendant possessing such knowledge as aforesaid, then in that event I charge you the plaintiff would be entitled to a verdict for some damages against the defendant, and if you find such to be the facts you should return a verdict for the plaintiff."

It is stated that the bill of exceptions is to the judgment of the court in overruling the objections to the admission of testimony, and also in overruling the motion for new trial and in arrest of judgment. It does not appear that the court was asked to instruct the jury, as matter of law, that no recovery could be had upon any view which could be properly taken of the facts the evidence tended to establish; and it is evident from the extracts above given from the charge of the court that the trial judge must have been of opinion that a verdict for the plaintiff could be sustained upon some view that might be properly taken.

The railroad company assigned thirteen errors in the Supreme Court of the State as grounds for the reversal of the judgment of the Circuit Court. Nearly all of these questioned the rulings of the court in relation to the admission of testi-

mony and in different parts of the charge. The first error assigned was in permitting, under the pleadings, the plaintiff below to make proof of boys besides himself, " at other times prior to the one when plaintiff below was injured, swinging to trains of defendant below other than the freight train which ran over and injured him." The second error was as follows : " Because the proof introduced in accordance with the pleadings wholly fails to show that defendant below was guilty of any negligence whatever in running its freight train as alleged, at the time and place alleged, over the plaintiff below, but, on the contrary, shows that plaintiff's injury was the result of his own gross negligence." This second error, therefore, rested on essentially the same ground as the first, in that it claimed there was a failure of proof, if the evidence were confined to that contended to be alone admissible under the pleadings. The thirteenth error reads thus : " Because, from the uncontroverted facts in the record, the verdict should have been for defendant."

The assignment nowhere specifically alleged that the Circuit Court erred as matter of law, in the entry of judgment, because there was no evidence to go to the jury, nor is there any allusion to the statute hereafter referred to.

The Supreme Court of Tennessee affirmed the judgment in these words : " This cause was heard upon the transcript of the record from the Circuit Court of Haywood County, and the court adjudges that there is no evidence to support the verdict of the jury, but the defendant having obtained three verdicts of separate juries upon different trials, two of which have been heretofore set aside by the circuit judge ; and now, alone upon this ground, the statute of Tennessee forbidding the granting of more than two new trials in the same cause on the facts, which statute is not in conflict with the Constitution of the United States, Fifth and Fourteenth Amendments, it is considered by this court that said judgment be affirmed, and that defendant in error, Eddie Woodson, by W. H. Lea, as next friend, recover of the plaintiff in error, The Louisville and Nashville Railroad Company, the sum of three thousand dollars ($3000), amount of judgment of court below and the costs of said court, etc."

A writ of error was sued out from this court upon the ground that the validity of a statute of the State of Tennessee was drawn in question, as being repugnant to the Fourteenth Amendment to the Constitution of the United States, and that the decision was in favor of its validity. A motion is now made to dismiss the writ of error and with it is united a motion to affirm the judgment.

In each of the constitutions of the State of Tennessee of 1796, 1834 and 1870, it is declared that "the right of trial by jury shall remain inviolate," and also that "judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." Const. 1796, Art. 11, sec. 6; Art. 5, sec. 5; 1834, Art. 1, sec. 6; Art. 6, sec. 9; 1870, Art. 1, sec. 6; Art. 6, sec. 9. The purpose of this latter provision was stated in *Ivey* v. *Hodges,* 4 Humphrey, 155, to be to put a stop to the practice in summing up, of "telling the jury not what was deposed to, but what was proved."

In *Claxton* v. *State,* 2 Humphrey, 181, it was held that where the court charged the jury that if they should find a special verdict which presented the testimony of one of the witnesses as the facts of the case, he should declare it a case of manslaughter, "this charge announced a conclusion of law upon a hypothetical state of facts, and did not trench upon the constitutional rights of the defendant."

And so in *Williams* v. *Norwood,* 2 Yerger, 329, the court decided that "a party has a right to the opinion of the court, distinctly as to the law, whether certain facts constitute probable cause or not, if the jury believe the facts as stated were proved."

Since 1801 there has been upon the statute book of the State of Tennessee the following provision: "Not more than two new trials shall be granted to the same party in any action at law; or upon the trial by jury of an issue of fact in equity." Acts 1801, c. 6, sec. 59; Laws Tenn. 1831, p. 229; Code 1858, sec. 3122, p. 590; Code Tennessee, 1884. sec. 3835, p. 735.

In *Trott* v. *West,* 10 Yerger, 499, 500 (1837), the Supreme Court of Tennessee says that this statute "means that where

the facts of the case have been fairly left to the jury upon a proper charge of the court, and they have twice found a verdict for the same party, each of which having been set aside by the court, if the same party obtain another verdict in like manner; it shall not be disturbed. But this act did not intend to prevent the court granting new trials for error in the charge of the court to the jury, for error in the admission of, or rejection of testimony, for misconduct of the jury, and the like." *Turner* v. *Ross*, 1 Humphrey, 16 (1839); *East Tennessee &c. Railroad Co.* v. *Hackney*, 1 Head, 169 (1858).

In *Knoxville Iron Co.* v. *Dobson*, 15 Lea, 409, 416 (1885), it is said that "this court has uniformly held that the statute was intended to limit the power of the courts over the findings of fact by the jury upon regular proceedings and a correct charge. If the court in the same case has set aside, upon the motion of the same party, the verdicts of two juries, upon the ground that the evidence is not sufficient to sustain them, the power of the court is at an end to grant another new trial to the same party upon the facts or merits. . . . The statute does not prevent the granting of new trials for errors committed by the court, or for improper conduct which may vitiate the verdict." *Wilson* v. *Greer*, 7 Humphrey, 513.

In *Tate* v. *Gray*, 4 Sneed, 591, 594, it was held that it is the duty of the circuit judge "to grant a new trial in all cases where he believes the preponderance of the proof is decidedly against the finding;" and that "although by the theory of our system the jury are the proper and exclusive triers of the facts, yet the law requires the circuit judge, who is presumed to have more practice and skill in the investigation of truth, to set aside their verdicts, whenever in his opinion they have disregarded or misconceived the force of proof, that a new trial may be had."

From these decisions it is clear that in Tennessee, as elsewhere, although the jury are the judges of the facts, yet the judge has power to set aside the verdict when, in his judgment, it is against the weight of the evidence, but that that supervisory power cannot be exercised under the statute when the triers of the facts have three times determined them

the same way. This manifestly refers to a state of case where, in the opinion of the judge, the verdict should have been otherwise than as rendered, because of the insufficiency of the evidence to sustain it, but not to a case where there is no evidence at all. It is the settled law of this court that " when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set 'aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant;" *Randall* v. *Baltimore & Ohio Railroad,* 109 U. S. 478, 482; *Gunther* v. *Liverpool &c. Ins. Co., ante,* 110; while, on the other hand, the case should be left to the jury, unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish. *Dunlap* v. *Northeastern Railroad Co.,* 130 U. S. 649, 652. In such case the practice of a demurrer to the evidence can be resorted to, or a motion to exclude the evidence from the jury, or to instruct them that the plaintiff cannot recover, which motions are in the nature of demurrers to evidence, though less technical, and have in many of the States superseded the ancient practice of a demurrer to evidence. *Parks* v. *Ross,* 11 How. 362; *Schuchardt* v. *Allens,* 1 Wall. 359. Such a motion, like the demurrer to evidence, admits not only what the testimony proves, but what it tends to prove. The ultimate facts, in other words, are admitted. In *Bacon* v. *Parker,* 2 Overton, 55, 57, it was decided that an involuntary non-suit could not be ordered, but a demurrer to evidence was allowed in *Bedford* v. *Ingram,* 5 Haywood (Tenn.) 155; and it must be that as the duty devolves upon the judge " to declare the law," he may be requested, in some form, to advise the jury that the plaintiff cannot recover when that is the conclusion of law arising upon the record, and should do so though not specifically directed. It is true that it was held in *Kirtland* v. *Montgomery,* 1 Swan (Tenn.) 452, that it was error for the trial judge to assume to answer both the questions of law and the questions of fact involved in that case, which was one, however, in which there was evidence

raising questions of fact to be determined; and in *Ayres* v. *Moulton,* 5 Coldwell, 154, it was held error in the circuit judge to charge the jury that from the facts as proven the plaintiffs were " entitled to recover of the defendant the sum sued for," because " the facts to be deduced from the evidence must be left exclusively to the jury." But that also was a case where it evidently did not follow from the ultimate facts that the plaintiffs were entitled as matter of law to recover as stated. To the same effect is *Case* v. *Williams,* 2 Coldwell, 239, where it was ruled that if the charge of the trial judge " be equivalent to a determination of the facts involved, a new trial will be granted." This is and must be so, whenever there are deductions of fact to be drawn by the jury, but where that is not the case, although a direct instruction to return a verdict for the defendant may not be in accordance with the practice in Tennessee, yet the decisions show that the question whether a recovery can be had at all or not, can be presented in some appropriate form in that State.

Thus, in *Whirley* v. *Whiteman,* 1 Head, 616, it is said: " In trials by jury, the court is to decide the questions of law; and the jury, questions of fact; what are called mixed questions, consisting of both law and fact, as questions in respect to the degree of care, skill, diligence, etc., required by law in particular cases, are to be submitted to the jury, under proper instructions from the court, as to the rules and principles of law by which they are to be governed in their determination of the case. The truth of the facts and circumstances offered in evidence, in support of the allegations on the record, must be determined by the jury. But it is for the court to decide, whether or not those facts and circumstances, if found by the jury to be true, are sufficient in point of law, to maintain the allegations in the pleadings. And this must be done in one of two modes; either the court must inform the jury hypothetically whether or not the facts which the evidence tends to prove, will, if established in the opinion of the jury, satisfy the allegations; or, the jury must find the facts specially, and then the court will apply the law and pronounce whether or not the facts so found are sufficient to support the averments

of the parties. 1 Starkie's Ev. 447. The principle of law, by which the jury must be governed in finding a verdict, cannot be left to their arbitrary determination. The rights of parties must be decided according to the established law of the land, as declared by the legislature or expounded by the courts, and not according to what the jury in their own opinion may suppose the law is, or ought to be. Otherwise the law would be as fluctuating and uncertain as the diverse views and opinions of different juries in regard to it." *Memphis Gayoso Gas Co.* v. *Williamson,* 9 Heiskell, 314, 341; *Gregory* v. *Underhill,* 6 Lea, 207, 211.

Tested by this rule, whenever the statute is applied, it must be upon the assumption that although the court would have found a different verdict, because of the weakness of the evidence, yet there was some evidence tending to establish the cause of action. Courts rarely grant a new trial after two verdicts upon the facts in favor of the same party, except for error of law, and the statute, in the interest of the termination of litigation, makes that imperative which would otherwise be discretionary. For, decisions under similar statutory provisions see *Silsbe* v. *Lucas,* 53 Illinois, 479; *Ill. Cent. Railroad Co.* v. *Patterson,* 93 Illinois, 290; *Carmichael* v. *Geary,* 27 Indiana, 362; *Boyce* v. *Smith,* 16 Missouri, 317; *Wildy* v. *Bonney's Lessee,* 35 Mississippi, 77; *Rains* v. *Hood,* 23 Texas, 555; *Watterson* v. *Moore,* 23 W. Va. 404.

We can perceive nothing in the statute thus applied which amounts to an arbitrary deprivation of the rights of the citizen, and concur with the Supreme Court of Tennessee that this act, which had been in force for more than sixty years before the adoption of the Fourteenth Amendment, was not invalidated by it, while the Fifth Amendment had no application whatever.

The statement in the judgment of affirmance is that "the court adjudges that there is no evidence to support the verdict of the jury;" and if this were taken literally, it would follow that no recovery could be had, as matter of law; and we therefore suppose that the language used indicates simply the opinion of the court that the jury ought not to have found

the verdict that they did, and that the judgment of the court below, refusing to grant a new trial upon the facts, would have been reversed, but for the existence of the statute, which made it error to award it. *Knoxville Iron Co.* v. *Dobson*, 15 Lea, 409, 418.

Assuming that the validity of the statute was drawn in question, yet there was clearly color for the motion to dismiss, and the case may be disposed of upon the motion to affirm. That motion is sustained, and the judgment is accordingly

*Affirmed.*