Raymond J. FRANK, Plaintiff,

v.

ATLANTIC GREYHOUND CORP.,
Defendant.

Civ. A. No. 939-57.

United States District Court
District of Columbia.

Nov. 4, 1959.

Laidler B. Mackall, Washington, D. C., for defendant, for the motion.

G. A. Chadwick, Jr., Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This case is before the court on a motion for a new trial on the ground that the amount of the verdict for the plaintiff is excessive.

This is an action to recover damages for personal injuries. The plaintiff was a passenger on a bus owned and operated by the defendant. While going around a curve, the bus left the highway and rolled down an embankment. The plaintiff was hurt as a result of the accident. The defendant admitted liability and the only issue tried was the amount of damages that should be awarded to the plaintiff.

The plaintiff sustained serious temporary injuries. He was in the hospital for several weeks and for a time was partially immobilized, at first by a plaster cast and later by a leg brace. Subsequently he was in a wheelchair for sometime and then walked on crutches, and later with the aid of a cane. While he has recovered and has resumed his prior occupation of an operating engineer, he has sustained a permanent partial disability to one of his knees.

The case was tried before me and a jury. The outcome was a verdict for the plaintiff in the sum of $30,000. Deeming the verdict excessive, the Court granted the defendant's motion for a new trial, unless the plaintiff agreed to a reduction of the verdict to $15,000. The evidence is reviewed and the views of the Court on this point are stated in detail in its prior opinion in this matter, 172 F. Supp. 190. The plaintiff declined to agree to the remittitur and elected to take a new trial. Accordingly, the case was re-tried before me and another jury. Necessarily, the jury was drawn from a different panel than the jury at the first trial. Neither the outcome of the first trial, nor even the fact that there had been a prior trial were disclosed to the second jury. The latter on substantially the same evidence returned a verdict for the plaintiff for the sum of $35,000.

The defendant now moves to set the second verdict aside on the ground that it is excessive. It is argued by counsel that since the Court has previously ruled that a verdict of $30,000 was excessive, the fact that a second jury reached a somewhat similar result should not affect the view of the Court on this point and, therefore, the second verdict should be set aside on the same ground. While this reasoning would be sound, were it based on a correct major premise, it overlooks the basic philosophy that governs motions for a new trial. It is elementary, of course, that when the Court grants a motion for a new trial, it does not make a final disposition of the case. The effect of such an order is to provide a review of the issues by another jury in order to assure that justice be done.[1] The authority to grant a new trial in a jury action is purely discretionary and is intended to vest in the trial judge a control that can be used to prevent a possible miscarriage of justice. This discretion must be exercised with care and circumspection.

There is no doubt, whatever, that the trial judge has the power to set aside successive verdicts. The question is to what extent discretion to do so should be invoked. When a new trial is granted on the ground that the verdict is contrary to the weight of evidence, or on the ground that the damages awarded by the jury are excessive or inadequate, the trial judge takes this action to prevent what he finds to be a miscarriage of justice. This step is taken only in exceptional cases, as great weight must ordinarily be accorded to the verdict of a jury. If a second jury arrives at the same result as did the first, the trial judge may well pause before setting aside the second verdict. Under such circumstances the parties have had two trials. The fact that two juries in effect agreed is entitled to a great deal of significance. Bearing in mind that a motion to set aside a verdict of a jury on the facts should be sparingly granted under any circumstances, a fortiori a second verdict reaching substantially the same result on practically the same evidence should greatly increase the hesitancy of the Court to award another trial. The possibility that a miscarriage of justice has resulted is greatly diminished under such circumstances. After all, there must be some point at which the granting of new trials in the same case should ordinarily stop. It may well be that if another new trial were granted, the same result would again be reached by a third jury.

There is a paucity of authorities on this point, perhaps due to the fact that the situation here presented does not arise frequently. Nevertheless, there are some helpful expressions in the cases, although counsel for the plaintiff has not cited them. Since trial by jury in the Federal courts is the common law trial by jury, and since motions for a new trial are likewise governed by the common law, English decisions on this point are pertinent and helpful.

[1]. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352–354; United States v. Robinson, D.C., 71 F.Supp. 9.

In Goodwin v. Gibbons (1767) 4 Burr. 2108, 98 Eng.Rep. 100, Lord Mansfield recognized that another new trial may be allowed after a new trial had been once granted previously, but ruled that in the case before him, there was no sufficient reason for granting a second new trial. Justice Hewitt, who concurred in the result observed that,

" * * * if two or three juries have determined upon the same point and the same circumstances, it may be a matter of discretion, not to grant a new trial, but to leave the matter at rest."

In Clerk v. Udall (1702) 2 Salk. 649, 91 Eng.Rep. 552, a new trial was granted on the ground that the damages awarded by the jury were excessive. The second jury, however, gave the same damages. A third new trial was denied, "because there ought to be an end of things".

In Chambers v. Robinson (1726) 2 Strange 691, 93 Eng.Rep. 787, a verdict for £1000 was returned in an action for malicious prosecution. A new trial was granted on the ground that the damages were excessive. At the second trial the same damages were again awarded. The Court denied a motion for another new trial.

In Swinnerton v. Marquis of Stafford (1810) 3 Taunt. 233, 128 Eng.Rep. 92, two successive juries had found a verdict for the same party. The Court declined to grant a third new trial. In its opinion, the Court made the following observation:

"Even if, on nicely scrutinizing all the evidence, we had a doubt whether the verdict was right, it could be never right for us to make no weight of two verdicts of a jury, in order to take the chance of a third."

Passing to a consideration of Federal cases, we find that Mr. Chief Justice Fuller in Louisville & Nashville Railroad Co. v. Woodson, 134 U.S. 614, 623, 10 S.Ct. 628, 631, 33 L.Ed. 1032, observed that,

"Courts rarely grant a new trial after two verdicts upon the facts in favor of the same party."

While this remark was *obiter*, nevertheless, it has been quoted on occasion as representing the general tendency of the Federal courts on this point.

In Milliken v. Ross, C.C.E.D.La., 9 F. 855, the Court had set aside a verdict of a jury, but at the second trial, the second jury concurred with the first upon substantially the same testimony. The Court expressed the view that in such event the Court should defer to the second verdict, and declined to grant another new trial. In support of this conclusion it cited the decision in Swinnerton v. Marquis of Stafford, supra.

In Joyce v. Charleston Ice Mfg. Co., C.C.D.S.C., 50 F. 371, the Court also expressed the opinion that after two concurring verdicts, the Court should not ordinarily grant another new trial if the questions to be tried depended wholly on matters of fact. A motion for a third trial was denied.

This question came before the old Supreme Court of the District of Columbia in the case of In re Will of Hoover, 8 Mackey 495, 510. The case involved a will contest. The jury had rendered a verdict setting aside the will and a new trial was granted. The second jury reached the same result. The Court declined to grant another new trial and its action was approved on appeal.

■ In the case at bar, the fact that two juries made substantially the same award on practically the same evidence leads the Court in the exercise of its discretion not to disturb the second verdict. The defendant has had an opportunity to present the matter to two juries. Both juries agreed. Substantial justice has been done. *Interest reipublicae ut sit finis litium.*

■ It is also urged that the jury acted contrary to law in that allegedly it failed to follow the court's instructions excluding one item of damages. Since, however, the jury rendered a general verdict for a lump sum, and such matters as

pain and suffering, as well as the effect of the permanent partial disability, formed important aspects of the plaintiff's claim, it is impossible to determine whether the jury disregarded the instructions of the Court in respect to another item that the court had excluded.

The motion for a new trial is denied.