Eugene J. HALUSCHAK, Plaintiff–Appellant and Cross–Appellee,

v.

DODGE CITY OF WAUWATOSA, INC. and Industrial Indemnity Company, Defendants–Appellees and Cross–Appellants.

Nos. 89–1266, 89–1292.

United States Court of Appeals, Seventh Circuit.

Argued May 7, 1990.

Decided Aug. 2, 1990.

James P. Brennan, Brennan & Collins, Milwaukee, Wis., for plaintiff-appellant and cross-appellee.

Burton A. Strnad, Milwaukee, Wis., for defendants-appellees and cross-appellants.

Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and WILL, Senior District Judge.[1]

BAUER, Chief Judge.

This civil action for the fraudulent sale of a used car has developed an unexpected and complicated procedural history. Eugene Haluschak originally brought suit in 1985 against Dodge City of Wauwatosa, Inc. ("Dodge City") and its liability insurance carrier, Industrial Indemnity Company, under 15 U.S.C. § 1989(a), the federal statute providing treble damages for victims of odometer fraud in connection with the sale of a used vehicle. A jury found damages in the amount of $13,000, making Haluschak's trebled award $39,000. The district court considered this award excessive, however, and offered Haluschak a choice between a total award of $12,300 or a new trial. Haluschak chose the latter. At the second trial, another jury calculated Haluschak's damages at $7,500, giving him a trebled award of $22,500. A different trial judge thought this second award excessive as well and reduced the damage finding to $3,904.35, giving Haluschak a trebled award of $11,713.05. This time, however, Haluschak was not offered the choice of another trial. Haluschak subsequently appealed to this court. Because we believe that the verdict of the second jury was not excessive, we now reverse.

I.

Most of the facts of this case are straightforward and undisputed. On December 30, 1982, Eugene Haluschak purchased a used Lincoln Town Car from Dodge City for $10,132.50, including sales tax. At the time, the car's odometer indicated 29,957 miles. Later, Haluschak would discover through a letter from the State of Wisconsin's Department of Transportation that the car's actual mileage was 108,963—a difference of almost 80,000 miles. Haluschak also bought insurance and made several repairs to the vehicle totalling approximately $3,100.00.

On October 10, 1985, Haluschak filed suit in the Eastern District of Wisconsin under 15 U.S.C. § 1989(a),[2] seeking the cost of the automobile plus his insurance and repair

---

1. The Honorable Hubert L. Will, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

2. 15 U.S.C. § 1989(a) provides:
   Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

   (1) three times the amount of actual damages sustained or $1,500, whichever is greater; and
   (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

costs. At a jury trial conducted before Judge John W. Reynolds on October 22, 1986, Haluschak testified that he would not have purchased the car had he known the true odometer reading. Haluschak also offered his opinion that the car was worth less than $2,000. He presented an expert witness, who offered his opinion that the difference between the market price of a used 1980 Lincoln Town Car with 108,000 miles and one with 25,000 miles was approximately $1,400.

Following its deliberations, the jury returned a verdict for Haluschak and found damages in the amount of $13,000. Defendants then moved for a new trial pursuant to Fed.R.Civ.P. 59. In his order of June 24, 1987, conditionally granting defendants' motion, Judge Reynolds stated that only the $1,400 difference could have been considered by the jury as damages for the cost of the car, and thus the award was excessive. He also stated that the jury could have found an additional $2,700 in damages due to repairs related to the misrepresentation. Judge Reynolds rejected Haluschak's claim that he incurred $1,526.28 in expenses for financing and insuring the car, explaining that Haluschak would have paid these costs regardless of the actual condition of the car. Based on these findings, Judge Reynolds assessed Haluschak's actual damages at $4,100. His trebled award would then be $12,300, plus reasonable attorneys fees. The court gave Haluschak the choice between this reduced award and a new trial on the issue of damages. Haluschak elected a second trial.

A second jury trial was held before Judge J.P. Stadtmueller on June 2, 1988. During the two-day trial, various estimates were presented concerning the actual value of Haluschak's car. Experts testified for both plaintiff and defendant that the car was worth from $2,000 to $3,000 less than Haluschak actually paid for it. This time, the jury awarded damages in the amount of $7,500, which produced a trebled award of $22,500. Once again, defendants moved for a new trial pursuant to Fed.R.Civ.P. 59 on the grounds that the verdict was excessive.

Judge Stadtmueller, in his decision and order of January 26, 1989, determined that the verdict was excessive and against the clear weight of the evidence. He noted that the usual procedure for remittitur under Rule 59 was to offer the plaintiff the choice between voluntary acceptance of a lesser award or a new trial. Here, however, he declined to offer Haluschak this choice, stating "in this case I find it inappropriate to grant plaintiff yet a third kick at the cat in the form of a new trial." Judge Stadtmueller then found that as a matter of law, the most Haluschak could claim as damages for cost of his car was $3,000. In addition, the court determined that Haluschak had lost $904.35 due to repairs and incidental costs attributable to the car's disguised mileage. Therefore, Judge Stadtmueller entered judgment for Haluschak and granted a total, trebled award of $11,713.05, along with reasonable attorneys fees. Haluschak now appeals this decision.

## II.

■ The decision to set aside a jury verdict lies within the sound discretion of the trial judge. The court may vacate a jury verdict for excessiveness, however, only if it is "monstrously excessive" or if there is "no rational connection between the evidence on damages and the verdict." *Joan W. v. City of Chicago,* 771 F.2d 1020, 1023 (7th Cir.1985). *See also Cygnar v. City of Chicago,* 865 F.2d 827 (7th Cir. 1989); *Abernathy v. Superior Hardwoods, Inc.,* 704 F.2d 963, 971 (7th Cir.1983). Even where a jury verdict meets this severe standard, we demand that the trial court present the plaintiff with the option of a reduction of damages or a new trial. *See McKinnon v. City of Berwyn,* 750 F.2d 1383 (7th Cir.1984); *Bucher v. Krause,* 200 F.2d 576, 578 (7th Cir.1953). *See also* 11 Wright & Miller, § 2815, at p. 99. We require that plaintiffs receive this choice because the question of damages—primarily a question of fact—is one for the jury to decide. To allow the trial court to replace the jury's assessment of damages with its own would fundamentally undermine the

parties' seventh amendment right to a jury trial. *Cygnar*, 865 F.2d at 847.

Following his second trial, Haluschak was not given this choice. The trial court ordered a reduction of damages, but stated that the option of a third trial was unnecessary. This is not the proper course of action for remittitur under Fed.R.Civ.P. 59. Except where the damages are in error as a matter of law—where statutory limits have been exceeded or clear errors in computation have occurred—the trial court may not unilaterally reduce a damage award. *See McKinnon*, 750 F.2d at 1392. Indeed, the only procedure in this circuit for review of a jury verdict for excessiveness is a timely motion for a new trial. *See Hahn v. Becker*, 588 F.2d 768, 771 (7th Cir.1979); *Gass v. Gamble–Skogmo, Inc.*, 357 F.2d 215 (7th Cir.1966). Thus, Haluschak was entitled to, at a minimum, the option of another trial as part of the order of remittitur.

■ This, however, does not end our inquiry. Haluschak contends that beyond wrongly denying him his right to another trial, the district court erred by determining that the second jury award was excessive. We agree. As this court has noted:

> ... while the trial judge's determination of the propriety of a jury's damage award warrants substantial deference (because of his or her superior position to assess the credibility of witnesses and the like), "a somewhat more exacting standard should apply" where the court *grants*, rather than denies, a new trial on damages.

*Cygnar*, 865 F.2d at 847–48 (quoting *Matter of Innovative Construction Systems*, 793 F.2d 875, 888 (7th Cir.1986)) (emphasis in original). *See also Knapp v. Whitaker*, 757 F.2d 827, 847 (7th Cir.1985). Thus, if it is clear from the record that the jury's verdict is reasonable, remittitur is improper, and we will reverse the trial court's decision to reduce the damages.

Here, consecutive jury verdicts were overturned as excessive. Haluschak originally prevailed for $13,000 in damages. At the second trial, Haluschak's damages were assessed at $7,500. As has been often noted, "when two juries have reached substantially the same result, the possibility of a miscarriage of justice is very slight." *Massey–Ferguson Credit Corp. v. Webber*, 841 F.2d 1245, 1250 (4th Cir.1988). *See also* 11 Wright & Miller, § 2803 at p. 31 (discussing *Frank v. Atlantic Greyhound Corp.*, 177 F.Supp. 922 (D.D.C. 1959)); *Louisville & N.R. Co. v. Woodson*, 134 U.S. 614, 623, 10 S.Ct. 628, 631, 33 L.Ed. 1032 (1890). These verdicts are not, of course, identical. They are, however, both substantially larger than those assessed by either trial judge. They indicate that both juries believed that Haluschak was substantially harmed by Dodge City's fraud.

■ The original jury verdict of $13,000 assumed that the current value of Haluschak's car was negligible. This could be considered unreasonable. There is some residual value in any car that runs. To award damages based upon the belief that this car was completely without value would amount to at least partially double recovery. The order of remittitur following the first trial, therefore, was not in error.[3] The second jury, however, apparently placed the current value of a 1980 Lincoln Town Car with over 100,000 miles on it somewhere around $5,500. Thus, when Haluschak's total costs of approximately $13,000—the costs of the car, taxes, and repairs related to the misrepresentation—were reduced by the residual value of the car, the jury arrived at a damage

---

3. Neither party has addressed the issue of whether we have jurisdiction to review the first decision, as plaintiff did not file a timely notice of appeal following that decision, but instead opted for a new trial. Appellant did, however, file a timely notice of appeal with the district court pursuant to Fed.R.App.P. 4(a) following the second trial, thus we may consider the second jury verdict as well as Judge Stadtmueller's decision and order. For purposes of this appeal, we will treat the two trials as a single action from which appellant may appeal. *Cf. Massey–Ferguson Credit Corp. v. Webber*, 841 F.2d 1245 (4th Cir.1988) (where consecutive jury trials are held due to order of remittitur, and appeal follows second trial, appellate court may reinstate first jury verdict.)

award of $7,500. The trial court believed this was an overstatement of Haluschak's damages. Perhaps it was. Nevertheless, this court cannot state after reviewing the record that the jury's verdict was "monstrously excessive" or the "product of passion and prejudice." *See Cygnar*, 865 F.2d at 847. There is a rational basis in the record for this decision and, where such a basis exists, we will not substitute our views for those of the jury, nor should the trial court. The verdict of the second jury, therefore, should be reinstated.

■ As a final issue, defendants have cross-appealed the question of attorneys fees. Under § 1989(a)(2), a prevailing plaintiff is entitled to an award of reasonable attorneys fees along with treble damages. Here, defendants contend that, because the second damage award of Judge Stadtmueller ($3,904.35) was actually lower than the reduced award granted by Judge Reynolds following the first trial ($4,100), no attorneys fees should be awarded for the second trial. While they provide no cases supporting this view, they argue that such a penalty would limit costly relitigation of the issues and comport with "common sense." There are several glaring holes in defendants' arguments. First, there would be no "costly relitigation" of these issues at all if defendants themselves had not twice moved for a new trial. The costs of additional relitigation, therefore, were created in large part by the defendants. Second, the jury awarded $7,500, nearly twice the remittitur offered by Judge Reynolds, thus the second trial was a worthwhile option for Haluschak and his counsel. Finally, denying attorneys fees for retrials would burden plaintiff's rights under 15 U.S.C. § 1989(a) in a manner not intended by Congress. Removing the right to reasonable attorneys fees for a second trial would effectively foreclose that option for many litigants, thus removing their right to a jury determination of their case. We will not countenance such a result.

Following the first trial, Judge Reynolds determined that Haluschak's request for $7,680.00 in attorneys fees was reasonable and entered an order awarding that amount. After the second trial, Haluschak presented a request for an additional $7,380.00 in attorneys fees. Judge Stadtmueller reduced this amount substantially, noting that certain tasks were duplicative for the second trial and thus an economy of scale greater than $300.00 should have been realized. Instead, he ordered a total award for both trials of $12,560 (an additional $4,880.00 for the second trial), plus an award of costs to be taxed by the clerk. We believe this is a reasonable determination of the proper fees and therefore affirm. *See Bright v. Land O'Lakes, Inc.*, 844 F.2d 436, 442 (7th Cir.1988) (attorneys fees reviewed under abuse of discretion standard.) On remand, however, Haluschak is also entitled to additional reasonable attorneys fees and costs associated with this appeal.

## III.

Eugene Haluschak has now had two complete trials on the relatively simple question of the value of a used 1980 Lincoln Town Car with 108,000 miles on it. Two trials should be sufficient. Because of the original jury's apparent failure to recognize any residual value in the car despite the odometer fraud, the district court was within its discretion in determining that $13,000 was an excessive damage award, and thus the order of remittitur or a second trial was not in error. The second district court, however, should have provided Haluschak the option of a new trial when ordering remittitur of his second damage award. Furthermore, because the second jury award of $7,500 was not "monstrously excessive," the district court erred in setting aside this verdict. We remand with instructions to reinstate the second jury's verdict and award treble damages in the amount of $22,500. Neither Mr. Haluschak's odometer, nor his jury awards, should be rolled back any further. Finally, the trial court shall award $12,560.00 in attorneys fees, plus a reasonable award for the time involved in the preparation and argument of this appeal.

REVERSED AND REMANDED WITH INSTRUC-
TIONS.