**William A. DUCHSCHERER,**
**Plaintiff and Appellant**

v.

**W.W. WALLWORK, INC., Defendant**
**and Appellee.**

Civ. No. 940283.

Supreme Court of North Dakota.

June 27, 1995.

---

Gene P. Johnson (argued), Fargo, for plaintiff and appellant.

E. Thomas Conmy (argued), Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellee.

MESCHKE, Justice.

William A. Duchscherer appeals from a judgment that, in part, awarded him $22,500 in attorney fees from W.W. Wallwork, Inc. to go with his recovery under the odometer disclosure remedies of the federal Motor Ve-

hicle Information and Cost Savings Act. We reverse the attorney fee award as inadequate and remand for a redetermination.

Duchscherer bought from Wallwork a 1985 Peterbilt semi-tractor with an odometer reading of 113,900 miles. As part of the purchase, Duchscherer traded a 1982 Kenworth semi-tractor to Wallwork. Duchscherer had been in an accident with the Kenworth, and he agreed to pay the insurance deductible for repairs to the Kenworth. In turn, Wallwork agreed to let Duchscherer keep the front tires from the Kenworth. After the purchase, Duchscherer learned the Peterbilt had actually been driven 403,900 miles.

In May 1990, Wallwork sued Duchscherer for $2,462, alleging he had failed to pay the insurance deductible for repairs to the Kenworth. Duchscherer answered and counterclaimed, alleging Wallwork was liable for conversion of the Kenworth's front tires, had misrepresented the number of miles on the Peterbilt, and had also violated the odometer disclosure requirements of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991 (the Odometer Act).[1]

Later, Duchscherer withdrew his answer and admitted liability on Wallwork's claim for the insurance deductible. Before trial, the court dismissed Duchscherer's claim under the Odometer Act, ruling that, under 49 CFR § 580.6(a)(1), transfers of motor vehicles weighing more than 16,000 pounds were exempt from the Act's odometer disclosure requirements. A jury decided that Wallwork had converted the Kenworth's front tires and had deceived Duchscherer on the mileage. The jury awarded Duchscherer $750 on his conversion claim and $6,050 on his deceit claim.

On the first appeal by Duchscherer, we held that the exemption in 49 CFR § 580.6(a)(1) was invalid, because the Odometer Act did not authorize the Secretary of Transportation to exempt vehicles weighing over 16,000 pounds from the odometer disclosure requirements. *W.W. Wallwork, Inc. v.*

---

1. In 1994, the Odometer Act was amended and recodified at 49 U.S.C. §§ 32701 *et seq. See* Pub.L. 103–272, ch. 327, 108 Stat. 1048 (1994).

*Duchscherer,* 501 N.W.2d 751 (N.D.1993). We concluded that a retrial was unnecessary on Duchscherer's conversion claim, but reversed and remanded for a new trial on whether Wallwork had violated the Odometer Act and had deceived Duchscherer.

On remand, a jury found that Wallwork had fraudulently violated the disclosure requirements of the Odometer Act, and it awarded Duchscherer $8,000 in actual damages on that claim. The jury also found that Wallwork had deceived Duchscherer and awarded him $8,000 in actual damages and $2,500 in punitive damages on that claim. Under 15 U.S.C. § 1989(a)(2), Duchscherer requested $69,471 in attorney fees through April 29, 1994. The trial court awarded Duchscherer only $22,500 in attorney fees. Duchscherer obtained a judgment for treble the $8,000 in actual damages, as directed by the Odometer Act at 15 U.S.C. § 1989(a)(1), for a recovery of $24,000. After adding $6,770 in interest, $1,841 in costs, and $22,500 in attorney fees, Duchscherer's judgment totalled $55,111. Duchscherer appealed again.

Duchscherer asserts the trial court abused its discretion in reducing his request for attorney fees to $22,500. We agree.

■ Absent a countervailing statutory authorization, the "American Rule" generally assumes that each party to a lawsuit bears its own attorney fees. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (*Delaware Valley I*); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In this case, though, there is a specific statutory authorization for a successful party to recover reasonable attorney fees.

When Wallwork sold Duchscherer the Peterbilt, the Odometer Act directed:

Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

15 U.S.C. § 1989(a). For his successful action, Duchscherer is entitled to recover reasonable attorney fees.

■ Setting the amount of reasonable attorney fees under federal fee-shifting statutes is largely within the discretion of the trial court. *Hensley.*[2] *See Troutman v. Pierce, Inc.,* 402 N.W.2d 920 (N.D.1987). An award of attorney fees under federal fee-shifting statutes will not be set aside on appeal absent an abuse of discretion. *Hensley; Troutman. Cf. City of Devils Lake v. Davis,* 480 N.W.2d 720 (N.D.1992) (a trial court's award of attorney fees in eminent domain action will not be set aside on appeal absent an abuse of discretion). As we explained in *Heller v. Heller,* 367 N.W.2d 179 (N.D.1985), a trial court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law.

■ In *Hensley,* the United States Supreme Court stated the method for calculating awards of reasonable attorney fees for prevailing parties under federal fee-shifting statutes. The Court explained that, once the statutory threshold of a " 'prevailing party' " is satisfied, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." 461 U.S. at 433, 103 S.Ct. at 1939. *Accord Delaware Valley I; Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The product of the number of hours

---

2. The statute applied in *Hensley,* 42 U.S.C. § 1988, authorizes courts to award reasonable attorney fees to a prevailing party in a federal civil rights action. In *Hensley,* 461 U.S. at 433, n. 7, 103 S.Ct. at 1939, n. 7, the Court said,

"[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' "

reasonably expended times a reasonable hourly rate—the "lodestar" figure—is more than a rough guess or initial approximation of a final fee award; it is presumed to be the reasonable fee. *City of Burlington v. Dague,* 505 U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992); *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *Delaware Valley I; Blum.* Under federal fee-shifting statutes, the first step in calculating reasonable attorney fees requires calculation of the lodestar figure that represents the presumptively reasonable amount.

Calculation of the lodestar figure, however, does not complete the analysis. The presumptively reasonable amount of attorney fees may be varied for other considerations that justify an upward or downward adjustment. *Delaware Valley I; Blum; Hensley.* In *Hensley,* the Court explained that a trial court may consider the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974),[3] to adjust the lodestar amount. *Hensley,* 461 U.S. at 434, n. 9, 103 S.Ct. at 1939, n. 9, cautioned, however, that "many of these [*Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley* thus adopted a "hybrid" approach for calculating reasonable attorney fees, *Delaware Valley I,* 478 U.S. at 564, 106 S.Ct. at 3098, an approach that combines elements of the lodestar calculation with the *Johnson* factors.

 The Court in *Hensley* "clarif[ied]" the relationship of one of the *Johnson* factors, the "results obtained," to an award of reasonable attorney fees for cases "where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." 461 U.S. at 432, 434, 103 S.Ct. at 1938, 1939. The Court said that, if "different claims for

relief ... are based on different facts and legal theories, ... [and] counsel's work on one claim [is] unrelated to his work on another claim, ... [t]he congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful [and unrelated] claim." *Id.* at 434–35, 103 S.Ct. at 1939. However, the Court explained that, if claims for relief have a "common core of facts" or are "based on related legal theories, ... counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435, 103 S.Ct. at 1939. A trial court must focus on the significance of the overall relief obtained from the hours reasonably expended, and if different claims are related and the claimant has obtained excellent results overall, counsel should recover a fully compensatory fee that should not be reduced simply because the claimant has not prevailed on every litigated claim.

Since *Hensley,* the Court has continued to refine how the *Johnson* factors affect adjustments to the lodestar figure. In *Blum,* 465 U.S. 886, 104 S.Ct. 1541, the Court held that reasonable attorney fees must be calculated according to the prevailing market rate in the relevant legal community, regardless of whether the claimant is represented by private or by non-profit counsel. The Court also held that the novelty and complexity of the questions, the special skill and experience of counsel, the quality of representation, and the results obtained in the litigation generally are reflected in the lodestar calculation and do not serve as independent bases for increasing that amount. In *Delaware Valley I,* 478 U.S. 546, 106 S.Ct. 3088, the Court

---

**3.** In *Hughes v. North Dakota Crime Victims Rep. Bd.,* 246 N.W.2d 774, 777 (N.D.1976), we outlined the *Johnson* factors:
(1) time and labor required (distinguishing between legal work in the strict sense, and investigation, clerical work, and compilation of facts and statistics); (2) the novelty and difficulty of the questions ( [counsel] should not be penalized for accepting a challenge which may result in making new law); (3) the skill requisite to perform the legal service properly; (4)

the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

held that the superior quality of prevailing counsel's performance is normally reflected in counsel's reasonable hourly rate and may not be used to enhance the lodestar figure. *Blum* and *Delaware Valley I* each reaffirmed that, under the initial lodestar calculation, many of the *Johnson* factors are reflected in the reasonable hourly rate and number of hours reasonably expended.

A plurality of the Court said in *City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), that counsel for prevailing claimants should be paid at a reasonable hourly rate for all time reasonably expended in pursuing a civil rights action when the claimants received only $33,500 in actual damages but obtained $245,456 in attorney fees. The plurality sustained the award of attorney fees, holding that it need not be proportionate to the actual amount of damages awarded, because a proportionality requirement would seriously undermine the congressional purpose of ensuring the availability of counsel in cases with relatively small potential damages. In an opinion concurring in the result, Justice Powell expressed doubts about the amount of the award of attorney fees, but he still cast the deciding vote for affirmance because he could not conclude that the trial court's detailed findings about hours reasonably expended and rates charged were clearly erroneous, or that the trial court abused its discretion.

In *Blanchard*, 489 U.S. 87, 109 S.Ct. 939, the Court held that a contingent-fee agreement between a prevailing claimant and his counsel did not impose a ceiling on an award of attorney fees; rather, a fee award must be based upon counsel's reasonable hourly rate and the number of hours reasonably expended in advancing successful claims. The Court explained that, if a contingent-fee agreement governed the calculation of reasonable attorney fees, an unwarranted emphasis would be placed on the amount of damages recovered. Similarly, in *City of Burlington*, 505 U.S. ——, 112 S.Ct. 2638, the Court held that enhancement of attorney fees above the lodestar amount to match a contingent-fee agreement between prevailing claimants and their counsel was inappropriate, because the factors necessitating a contingent-fee agreement were already incorporated in the lodestar figure. These cases unmistakably demonstrate that the lodestar amount is the centerpiece for calculating reasonable attorney fees under federal fee-shifting statutes, and that adjustments to the lodestar are proper only in rare and exceptional circumstances.

The Court's decisions teach that the amount of damages recovered does not control the amount of reasonable attorney fees. Under federal fee-shifting statutes, a prevailing claimant acts in the role of a private attorney general to enforce a policy that Congress deems of the highest priority. *City of Riverside; Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). That role of private attorney general is seen in the federal enactment of a private cause of action for violations of the odometer disclosure requirements. 15 U.S.C. §§ 1981, 1989. *See Duval v. Midwest Auto City, Inc.*, 578 F.2d 721 (8th Cir.1978). When a trial court awards attorney fees under a federal fee-shifting statute like the Odometer Act, it is awarding attorney fees against the violator of a federal law that is designed to benefit the public and to deter objectionable conduct. *City of Riverside; Christiansburg Garments.* The congressional intent of fee-shifting statutes is served when aggrieved claimants can retain counsel for redress of violations of federal statutes without regard to the amount of potential damages. *City of Riverside; Delaware Valley I.* In those situations, an award of attorney fees consistent with the lodestar figure ensures that attorneys are fully compensated at a reasonable hourly rate for work reasonably performed. *City of Riverside.* These principles shape our review of this case.

To enable calculation of the lodestar amount, the prevailing party must document the hours expended on the case and the rate charged, and if the documentation is inadequate or the claimed hours were not reasonably expended, an award may be reduced accordingly. *City of Riverside; Hensley. See City of Devils Lake v. Davis; City*

*of Bismarck v. Thom*, 261 N.W.2d 640 (N.D. 1977). In this case, Duchscherer's counsel supplied the trial court with documentation of his hours expended and his hourly rate. However, the court did not calculate a lodestar amount for attorney fees.[4] Instead, the court said that the amount of time and labor expended by counsel for Duchscherer was "clearly excessive." We might agree with the trial court that some hours expended by Duchscherer's counsel were unwarranted. A prevailing party must make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice must ethically exclude those hours from a fee charged, because hours that are not properly billed to a client also are not properly billed to an adversary. *City of Riverside; Hensley*. Here, however, the court's conclusory statement that counsel's time and labor were "clearly excessive" is insufficient to explain which claimed hours were excessive and why.

The trial court said that the action was unduly complicated by claims of fraud, deceit, breach of contract, and exemplary damages. Under 15 U.S.C. § 1989(a), Duchscherer was entitled to attorney fees for only his odometer claim. He was not entitled to attorney fees for work expended on his conversion claim nor for defending Wallwork's initial complaint to recover the amount of the insurance deductible. Under *Hensley*, those claims did not have a core of facts and legal theories common to the odometer claim.

■ The deceit and odometer claims, however, both arose from the same conduct with intent to defraud. *Cf. Delzer v. United Bank of Bismarck*, 527 N.W.2d 650 (N.D. 1995) (same conduct can be both fraud and deceit). Those two claims had a "common core of facts" and "related legal theories" so that "counsel's time [was] devoted generally to the litigation as a whole, making it difficult

to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. *See also City of Riverside*. Wallwork's assertion that the deceit and odometer claims were unrelated is wrong.

■ Throughout, Wallwork was entitled to a vigorous defense and carried on one that engendered two jury trials and now two appeals. Wallwork's strong defense clearly made Duchscherer reasonably expend more time to establish his odometer claim. A party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent" overcoming its vigorous defense. *City of Riverside*, 477 U.S. at 580, n. 11, 106 S.Ct. at 2697, n. 11. The federal fee-shifting statutes compel a party who violates federal law to pay reasonable attorney fees to a claimant victorious despite a vigorous defense. The vigor of Wallwork's defense prevents a mechanical comparison of attorney fees for this case with attorney fees for other successful odometer cases.

■ The value of Wallwork's defensive efforts creates a more suitable comparison to measure the value of the offensive efforts by Duchscherer's counsel. The rate and hours expended by opposing counsel are often probative of the reasonableness of attorney fees for prevailing counsel. *See Bayless v. Irv Leopold Imports, Inc.*, 659 F.Supp. 942 (D.C.Or.1987). Here, Wallwork's attorney fees through the second trial were near $52,000. The time employed by Wallwork's counsel supplies a useful measure for the time reasonably expended by Duchscherer's counsel, with appropriate adjustments for the time expended in the minor and unrelated claims for the conversion and the deductible.

The trial court also mentioned the results obtained by Duchscherer gauged by the amount of damages recovered. However, the amount of pecuniary success does not

---

4. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir.1974), the circuit court described the trial court's responsibility:
We are mindful of the difficult job of the trial judge in cases of this kind, and that in all probability his decision will be totally satisfactory to no one. The cross-appeals taken in this case are witness to the usual view of parties litigant to such an award. The trial judge is

necessarily called upon to question the time, expertise, and professional work of a lawyer which is always difficult and sometimes distasteful. But that is the task, and it must be kept in mind that the plaintiff has the burden of proving his entitlement to an award for attorney's fees just as he would bear the burden of proving a claim for any other money judgment.

control the calculation of reasonable attorney fees under federal fee-shifting statutes that permit a claimant to act as a private attorney general to enforce important federal interests. *Delaware Valley I; City of Riverside; Blum.* In the context of a congressional intent to reimburse a prevailing claimant, *Hensley's* analysis of "results obtained" focused on the interrelationship of the facts and legal theories for different claims for relief and the overall results obtained; it did not equate "results obtained" with the amount of damages awarded. Wallwork's reliance on *Hensley* to quantify "results obtained" overlooks the purpose of fee-shifting statutes to allow aggrieved claimants to fully vindicate their rights through a private attorney general.

Duchscherer achieved an important result in our first decision in this case that invalidated a federal regulation precluding recovery for vehicles weighing more than 16,000 pounds. That opinion was one of the first appellate decisions in the country on that point, and it has important consequences for the development of the law beyond the monetary damages recovered by Duchscherer. Because of the vigorous defense by Wallwork, Duchscherer was forced through the first jury trial and the first appeal before his rights were eventually vindicated in the second jury trial on the odometer claim. The amount of damages recovered by Duchscherer does not fully account for the results obtained by him.

Calculation of the lodestar amount is the starting point for determining reasonable attorney fees under federal fee-shifting statutes. *Hensley. Cf. City of Bismarck v. Thom* (number of hours expended and rate per hour are the predominant factors in determining reasonable attorney fees under eminent domain law). The lodestar figure represents the presumptively reasonable amount for an award of attorney fees. The trial court improperly and drastically reduced Duchscherer's requested fees without calculating a lodestar figure and with only a conclusory statement that the time and labor were excessive. *See City of Devils Lake* (remanding for reconsideration and explanation of what work was deemed unreasonable and why).

We hold that the trial court misapplied the law by failing to initially calculate a lodestar figure based on the number of hours reasonably expended multiplied by a reasonable hourly rate. We therefore conclude the trial court abused its discretion in determining reasonable attorney fees. A redetermination of fees under the lodestar approach is necessary.

Duchscherer asks us to calculate and direct reasonable attorney fees for the entire litigation, including more than $20,000 for this appeal. Although Duchscherer is certainly entitled to attorney fees for this appeal, *see Haluschak v. Dodge City of Wauwatosa, Inc.,* 909 F.2d 254 (7th Cir.1990), we do not know whether an award of $20,000 for this appeal is warranted since much of that time was spent on post-judgment motions in the trial court during development of the appeal. We decline Duchscherer's invitation to calculate reasonable attorney fees at this stage. *See City of Devils Lake.* In calculating the lodestar amount, the trial court remains in a better position to determine what hours were reasonably expended on claims related to Duchscherer's odometer litigation and to fix the reasonable hourly rates for those services.

We reverse and remand for redetermination of Duchscherer's reasonable attorney fees.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.